IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-------------------------------------------------------------------X

NOVA CASUALTY COMPANY,
Plaintiff,

No.: 04-1665C

-against-

COMPLAINT

THE UNITED STATES OF AMERICA,
Defendant

-------------------------------------------------------------------X

FILED
NOV 10 2004
U.S. COURT OF FEDERAL CLAIMS

Plaintiff NOVA CASUALTY COMPANY (hereinafter "Nova"), by its attorney Neil B. Connelly, Esq., as and for its complaint against the UNITED STATES OF AMERICA, respectfully alleges and says as follows:

1. Nova is a corporation organized and existing under the laws of the State of New York, with its principal offices in the City of Buffalo, New York, and at all times relevant hereto was certified by the United States Department of the Treasury as an acceptable surety on Federal Bonds.

2. The United States Coast Guard (hereinafter the "Coast Guard") is an Agency and one of the Armed Forces of the United States of America. The Coast Guard is duly authorized to enter into contracts with non-governmental persons for the provision of services, supplies, and labor at properties under the control, maintenance or supervision of the Coast Guard.

**JURISDICTION AND VENUE**

3. Nova's complaint asserts causes of actions for indemnification and breach of contract arising from a procurement contract between the Coast Guard and construction contractor, Eagle Management Enterprises (hereinafter "Eagle Management").

4. The procurement contract between the Coast Guard and Eagle Management constitutes a contract covered by the Contracts Disputes Act, 41 U.S.C. § 601 et seq.

5. Based upon 28 U.S.C. §§ 1346(a)(2) &1491 (a)(1) the United States Court of Federal Claims has exclusive subject matter jurisdiction over claims against the United States founded upon any express or implied contract with the United States that is subject to the Contract Disputes Act.

6. Nova respectfully requests that a hearing of this action be held in Kings County, New York because many of the witnesses reside there and a substantial portion of the events giving rise to this action occurred in Brooklyn, New York, which is located in Kings County.

## **FACTUAL BACKGROUND**

7. On or about June 28, 2002, Eagle Management Enterprises ("Eagle Management") entered into a contract with the Coast Guard, pursuant to which Eagle Management was to provide certain labor and materials at a project known as the Coney Island Light House , Brooklyn, New York (a/k/a Sea Gate Light Tower), Contract No. DTCGG1-01-C-3WK143 ("Prime Contract").

8. As a condition of the Prime Contract, on or about August 4, 1995, Eagle Management requested that Nova issue Performance and Payment Bonds ("Bonds") in the respective penal sums of One Hundred Thirty-Eight Thousand and 00/100 ($138,000.00) Dollars, identified as Bonds No. 18271, for the benefit of the United States of America as obligee, and Nova issued said Bonds.

9. Upon information and belief, in furtherance of the work to be performed, Eagle Management contracted with Metron Environmental ("Metron"), whereby Metron agreed to perform lead abatement and preparatory and painting work ("Subcontract").

10. Upon information and belief, the agreed upon contract price for the work to be performed under the Subcontract, inclusive of any enlargements in the scope of work, was One Hundred One Thousand Two-Hundred Seventy-Eight and 72/100 ($101, 278.72) Dollars.

11. Upon information and belief, upon completion of the work performed by Metron under the Subcontract, the Coast Guard issued its approval and acceptance of the work.

12. Upon information and belief, Eagle Management received Thirty-Four Thousand and 00/100 ($34,000.00) Dollars from the Coast Guard in relation to the work performed under the Subcontract, and Eagle Management paid Thirty-Four Thousand and 00/100 ($34,000.00) Dollars to Metron for work performed under the Sucontract.

13. Upon information and belief, after due demand by Eagle Management, the Coast Guard has neglected, failed and/or refused to pay Eagle Management the full proceeds of the Prime Contract.

14. Upon information and belief, the Coast Guard has alleged that the painting work performed by Metron at the Coney Island Light House did not satisfy the Prime Contract requirements.

15. Upon information and belief, the Coast Guard has refused to pay Eagle management the full proceeds of the Prime Contract for the sole reason of the allegedly defective painting work performed by Metron at the Coney Island Light House.

16. Metron filed suit for breach of contract against Eagle Management and Nova in United States District Court for the Eastern District of New York, captioned, *United States of America ex rel Metron Environmental Limited v. Eagle Management Enterprises and Nova Casualty Company*.

17. In the event it is determined by a court of competent jurisdiction that Eagle management properly completed the work called for by the Prime Contract, including, but not limited to, the work performed by its painting subcontractor, Metron, then the Coast Guard shall be liable for the full proceeds remaining unpaid on the Prime Contract.

**AS AND FOR A FIRST CAUSE OF ACTION**

18. Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "17" hereof as though fully set forth herein at length.

19. Upon information and belief, the Prime Contract was completed by Eagle Management and accepted by the Coast Guard.

20. Upon information and belief, the Coast Guard has neglected, failed, and refused to pay the full Contract price to Eagle, although demand for such payment has been made by Eagle.

21. In its complaint in the litigation before the United States District Court for the Eastern District of New York, Metron has alleged that it has not been paid by Eagle Management for the lead abatement, painting, and additional work Metron allegedly provided to Eagle as a part of Eagle's performance of its Prime Contract with the Coast Guard. A copy of said summons and complaint are annexed hereto as Exhibit "1". A copy of the answer filed by defendants Eagle Management and Nova is annexed hereto as Exhibit "2".

22. In its complaint, Metron also alleges that Nova is liable to Metron for the unpaid balance of its Subcontract with Eagle Management, under the terms of the payment bond issued by Nova assuring payment of all labor and material provided in the performance of the Prime Contract.

23. In the event that Nova is found liable to Metron under the terms of Nova's payment bond, Nova shall be entitled by subrogation to payment from the Coast Guard for the full balance unpaid under the Prime Contract between the Coast Guard and Eagle Management.

24. Nova is entitled to judgment against the Coast Guard for the remaining Contract balance on the Prime Contract between the Coast Guard and Eagle Management, up to the amount, if any, found to be due to Metron on its cause of action against Nova's Payment Bond no. 18271.

**AS AND FOR A SECOND CAUSE OF ACTION**

25. Plaintiff Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "24" hereof as though fully set forth herein at length.

26. The failure of the Coast Guard to make payment in full to Eagle Management for the completion of the Prime Contract constitutes a material breach of the Prime Contract by the Coast Guard.

27. The material breach of the Prime Contract by the Coast Guard discharges Nova of its liability on the Payment Bond no. 18271.

28. Nova is entitled to a declaratory judgment discharging Nova of liability on Payment Bond No. 18271 by reason of the material breach of the Prime Contract by the Coast Guard.

WHEREFORE, Nova demands judgment against the United States of America on its first cause of action for the balance remaining in the Prime Contract between the Coast Guard and Eagle Management up to the sum of any amount found to be due to Metron on its claim against Payment Bond No. 18271; on its second cause of action, for a declaratory judgment

discharging Nova of liability on Payment Bond No. 18271; and such other, further, and different relief as the Court deems just and proper in the circumstances.

Dated: November 9, 2004
White Plains, New York

Yours etc,

Neil B. Connelly
Attorney for Plaintiff
Nova Casualty Company
99 Church St., 4th Floor
White Plains, NY 10601
Tel (914) 328-4100
Fax (914) 684-0401

To: Clerk, U.S. Court of Federal Claims
717 Madison Place, NW, Room 103
Washington, DC 20005

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA EX REL METRON ENVIRONMENTAL LIMITED,

v.

EAGLE MANAGEMENT ENTERPRISES, INC. and NOVA CASUALTY COMPANY,

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: CV-03 1952

5-20-03
ms

SIFTON, J.

POLLAK, M.J.

TO: (Name and Address of Defendant) Eagle Management Enterprises, Inc.
21-33 72nd Street
East Elmhurst, New York 11370
Nova Casualty Company
180 Oak Street
Buffalo, New York 14203

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address) Rabinowitz & Galina, Esqs.
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222

an answer to the complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ROBERT C. HEINEMANN

CLERK

APR 23 2003

DATE

A. Carone

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED,

Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES,
INC. and NOVA CASUALTY COMPANY,

Defendants.
---------------------------------------------------X

COMPLAINT

Civil Docket No.

RECEIVED
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE
★ APR 2 2 2003 ★
ENTERED

CV-03 1952

SIFTON, J
POLLAK, M.

Plaintiff, Metron Environmental Limited ("Metron") by and through its attorneys, Rabinowitz & Galina, Esqs., complaining of the Defendants alleges as follows:

**JURISDICTION AND VENUE**

1. At all times material herein, Plaintiff Metron was and remains a corporation duly organized and existing pursuant to the laws of the State of New York with a principal place of business located at 140 King Street, Brooklyn, New York 11231.
2. Upon information and belief, at all times material herein, Defendant Eagle Management Enterprises, Inc. ("Eagle") was and remains a corporation duly organized and existing pursuant to the laws of the State of New York with a principal place of business located at 21-33 72nd Street, East Elmhurst, New York 11370.
3. Upon information and belief, at all times material herein, Defendant NOVA Casualty Company ("NOVA") was and remains a corporation

duly organized and existing pursuant to the laws of the State of New York with a principal place of business located at 180 Oak Street, Buffalo, New York 14203.

4. Upon information and belief, at all times material herein, Defendant NOVA was and remains a foreign corporation with a principal place of business located at 180 Oak Street, Buffalo, New York 14203.

5. Upon information and belief, at all times material herein, Defendant NOVA was and remains authorized to conduct business, including the issuance and sale of insurance products including surety bonds, in the State of New York.

6. Jurisdiction is based upon Plaintiff's claim against the Defendants under a payment bond posted by Eagle as principal and NOVA as surety for the Project pursuant to the Miller Act, 40 U.S.C. 270b.

7. The court has jurisdiction of the other causes of action set forth herein pursuant to 28 U.S.C. 1367 under the principles of supplemental and pendent jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION**

8. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 above as if more fully set forth herein.

9. Upon information and belief, on or before June 28, 2002, Eagle entered into a prime contract with the United States Coast Guard (the "USCG") to perform certain construction work at a project known as

14. Pursuant to the sub-contract, additional sub-contract and change order, on or about and between September 11, 2002 and December 15, 2002, Plaintiff performed certain labor and provided certain materials involving lead abatement and two (2) coats of painting and associated work at the Project at the reasonable value of One Hundred One Thousand Two Hundred Seventy Eighty Dollars ($101,278.72) of the amount set forth in the sub-contract, additional sub-contract and change order for said labor and materials.

15. The labor performed and materials provided were actually performed and provided with the knowledge and consent and at the specific instance and request of Defendant Eagle.

16. Metron has submitted requisitions, applications and demands for payment and has not received payment in full for these requisitions, applications and demands.

17. Metron has not received payment for certain parts of the labor performed and materials provided leaving a balance due and owing under the agreements of Sixty Seventy Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72).

18. Eagle has breached the sub-contract, additional sub-contract and change order by refusing to pay to Metron the sum of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72).

19. By reason of the foregoing, Defendant Eagle is liable to Plaintiff Metron for breach of contract in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above as if more fully set forth herein.

21. Metron performed labor and provided materials to the Project having a fair and reasonable value of One Hundred One Thousand Two Hundred Seventy Eight Dollars and 72/100 ($101,278.72), Thirty Four Thousand Dollars ($34,000.00) of which has been paid, leaving a balance of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) which has not been paid.

22. By reason of the foregoing, Defendant Eagle is liable to Plaintiff Metron in *quantum meruit* for the fair and reasonable value of the labor performed and materials provided by Metron to the Project in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 22 above as if more fully set forth herein.

24. That during the course of the performance of the labor and provision of the materials to the Project, Metron did send invoices and statements of account to Eagle on a regular and timely basis.

25. That Eagle accepted and retained said invoices and statements without objection.

26. That the invoices and statements constituted an account stated to which Eagle did not object.

27. That the invoices and statements showed a balance due and owing from Eagle to Metron in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72).

28. By reason of the foregoing, Defendant Eagle is liable to Plaintiff Metron for account stated in the sum of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002.

**AS AND FOR A FOURTH CAUSE OF ACTION**

29. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 above as if more fully set forth herein.

30. Upon information and belief, Defendant NOVA as surety issued to Defendant Eagle as principal and USCG as obligee, labor and material bond no. NYCB 18271 guaranteeing payment to Defendant Eagle's sub-contractors and material suppliers on the Project.

31. Metron, as sub-contractor, furnished labor and materials to Eagle in the prosecution of the work provided for in the contract entered into by Eagle and the USCG.

32. Eagle agreed to pay the reasonable value of the work performed by Metron and the total value of the labor and materials provided for which Metron has not been paid equals the sum of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72).

33. By a notice mailed to Defendants, Metron filed a claim with the Defendant NOVA in the sum of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72).

34. Less than one year has elapsed since Metron last performed work and labor and furnished materials on the Project as a sub-contractor of Eagle.

35. By reason of the foregoing, Defendant NOVA is liable to Plaintiff Metron under the bond for Eagle's failure to pay Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1. On the First Cause of action in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002;

2. On the Second Cause of action in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002;

3. On the Third Cause of action in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002;

4. On the Fourth Cause of action in the amount of Sixty Seven Thousand Two Hundred Seventy Eight Dollars and 72/100 ($67,278.72) with interest from December 15, 2002;

5. On all causes of action, interest from December 15, 2002, costs, disbursements, reasonable attorneys' fees and such other and further relief as to this Court may seem just and proper.

Dated: March 24, 2003
Mineola, New York

Yours, etc.
RABINOWITZ & GALINA, ESQS.
Attorneys for Plaintiff

By: Gayle A. Rosen (GR-2225)
94 Willis Avenue
Mineola, New York 11501
(516) 739-8222

METRON ENVIRONMENTAL LIMITED
140 King Street
Brooklyn, N.Y. 11231
Phone: (718) 855-1529 • Fax: (718) 855-1938
e-mail: Metronltd@aol.com

June 28, 2002

Eagle Management Enterprises, Inc.
21-33 72nd Street
East Elmhurst, NY 11370

Attn: John Vakalopoulos

Re: **Revised Proposal/Contract**
**Lead Abatement**
**Sea Gate Light Tower**
**Brooklyn, NY**

Metron Environmental Ltd. proposes to furnish all materials, tools, equipment, and perform all necessary labor to complete the above mentioned project, according to the scope of work described in Paragraph 8 of this proposal, the following concessions:

1. Perform all lead abatement work in strict accordance with the New York City & State, Federal EPA, DEP, and OSHA Rules & Regulations.

2. Perform a TCLP Test prior to Disposal.

3. Dispose of all Hazardous and Lead Containing Materials to an approved and licensed landfill to ensure legal disposal.

4. Perform all required OSHA personal air samples.

5. Owner to provide temporary potable (cold) water, and access to the work area.

6. General Constructor will provide work permits and access to the work area, based on a provided written pre-agreed work schedule.

7. Metron will provide and pay for licensed, approved, independent third-party Monitoring and Testing Firm, to perform all air sampling, testing and analysis for the work. Results will be provided to Coast-Guard for approval.

Y.G.

8. Scope of work is as follows as per specs & plan and approved submittals:

According to Approved Methods & Specifications:

| |
|---|
| Exterior & Interior Lead Paint Removal, Disposal<br>& 1 Coat of Primer |

Total Price: $ 80,000.00 (+ Engineer's Fees-if any)

**The terms of payment:**
1. According to work progress payments.
2. Final payment without retainage is due within 21 days of completion of the Base Contract work or 5 days after GC's receipt of payment from Owner.
3. If for any reason we don't get paid and we have to use legal advice a cost of legal counselor plus a 1.5% per month will apply.

Notes :

1. Metron will provide mechanical engineer to stamp for approval the ventilation system plans. (Fees are not included in the above price).
2. GC will provide scaffolding. Metron has nothing to do with the cost of the scaffolding installation or breakdown.
3. Metron will provide generators for electricity.
4. Containment has to be up and down by Metron after every shift/days work.
5. Metron will apply first coat (prime) of abatement based that inspector of the Coast Guard or GC inspects surface before prime coat is applied to abated areas. Primer shall be applied within 2 hours/same day.



V.G.

*etron Environmental Ltd*

6. Metron will provide security during off hours for the duration of this work.

7. Metron will provide a Licensed Electrician for inspection of all conduits for any loose wires regarding safety and given to us approval to start work.

8. Scheduled to complete this work in 15 to 20 days- weather permitting.

9. Metron will provide Certified Payroll and Certificates of Insurance.

All the above mentioned work, will be performed in a substantial and professional manner; providing the proper manpower, preparation and coordination, progressing efficiently, recognizing time essence, and complying with all Lead Rules and Regulations.

Please note our schedule time of completion is based on a start-to-finish basis, excluding days where there are adverse weather conditions.

Metron Environmental Ltd. is a "Union Shop" of Local 78 and Union Workers are paid full prevailing wages, applicable by the Law and WBE with the State NY.

Total Price: $ 80,000.00 (plus Engineer's Fees-if any)

AGREED BY: METRON ENVIRONMENTAL LTD.
ASBESTOS/LEAD CONTRACTOR

V. Georgiadis

Vassilios Georgiadis - Treasurer

AGREED BY: EAGLE MANAGEMENT ENTERPRISES,INC.
GENERAL CONTRACTOR

President

Props2/Sea Gate- T5

*ANY DEVIATION ON THIS AGREEMENT HAS TO BE SIGNED BY THE OFFICER'S OF BOTH PARTIES.



V.G.

METRON ENVIRONMENTAL LIMITED
140 King Street
Brooklyn, N.Y. 11231
Phone: (718) 855-1529 • Fax: (718) 855-1938
e-mail: Metronltd@aol.com

June 28, 2002

Eagle Management Enterprises,Inc
21-33 72nd Street
East Elmhurst, NY 11370

Attn: John Vakalopoulos

Re: Revised Proposal/Contract
Lead Abatement
Sea Gate Light Tower
Brooklyn, NY

Metron Environmental Ltd. proposes to furnish all materials, tools, equipment, and perform all necessary labor to complete the above mentioned project, according to the scope of work described in this proposal, the following concessions:

Scope of work is as follows:

According to Approved Methods & Specifications:

| |
|---|
| Two (2) Coats of painting – |
| Metron will provide labor –GC will supply spray equipment and materials. |

Total Price: $ 5,000.00

**The terms of payment:**
1. According to work progress payments.
2. Final payment without retainage is due within 21 days of completion of the Base Contract work or 5 days after GC's receipt of payment from Owner.
3. If for any reason we don't get paid and we have to use legal advice a cost of legal counselor plus a 1.5% per month will apply.

V.G.

Notes :

1. In case a change order is approved by the Coast Guard to the GC, Metron is looking to be paid $2,000.00 additional.

2. Metron will apply two coats of paint.

3. Scheduled to complete this work in 15 to 20 days- weather permitting.

4. Metron will provide Certified Payroll and Certificates of Insurance.

All the above mentioned work, will be performed in a substantial and professional manner; providing the proper manpower, preparation and coordination, progressing efficiently, recognizing time essence, and complying with all Lead Rules and Regulations.

Please note our schedule time of completion is based on a **start-to-finish** basis, excluding days where there are adverse weather conditions.

Metron Environmental Ltd. is a "Union Shop" of Local 78 and Union Workers are paid full prevailing wages, applicable by the Law and WBE with the State NY.

Total Price: $ 5,000.00

AGREED BY: METRON ENVIRONMENTAL LTD.
ASBESTOS/LEAD CONTRACTOR

Vassilios Georgiadis - Treasurer

AGREED BY: EAGLE MANAGEMENT ENTERPRISES,INC.
GENERAL CONTRACTOR

President

Props2/Sea GateT-4

*ANY DEVIATION ON THIS AGREEMENT HAS TO BE SIGNED BY THE OFFICER'S OF BOTH PARTIES.

Exhibit C

METRON ENVIRONMENTAL LIMITED
140 King Street
Brooklyn, N.Y. 11231
Phone: (718) 855-1529 • Fax: (718) 855-1938
e-mail: Metronltd@aol.com

December 12, 2002

Eagle Management Enterprises,Inc
21-33 72nd Street
East Elmhurst, NY 11370

**Attn: John Vakalopoulos**

**Re: Contract # DTCGG1-01-C-3WK143**
**Lead Abatement & Painting**
**Coney Island Light House Tower**
**Brooklyn, NY**

Dear Sir,

I received the letter from your company, dated 12/4/02 attached with the letter "CURE-NOTICE" sent to you from the Contracting Officer of USCG and would like to answer accordingly.

We have been on this project approximately 90 days and we never had a problem regarding any damages to the Light Tower. Since your company started doing "your" portion of the work, installing doors, etc there are damages. In any case we came back and fixed these small damages of electrical switches. Regarding the perished food we offered to replace it but the guard refused to accept it and had only compliments for our workers.

The letter from the USCG mainly refers to your Total Performance of the project. When you came to Metron you had already lost precious time hiring other Abatement Contractors, which wound up not being able to be qualified to do your project. You asked us begging and pleading for us to do the work and in the end you gave us the painting portion of the work. We made all drawings and documentation to get the plans approved.

The weather for the past 24 days has not been suitable to perform the painting work. Plus you delayed in providing us with the sprayer machines, materials and tools necessary to paint, and we had to use brushes and rollers which had an impact on our labor cost and time.

You owe money to the scaffolding company. You didn't pay us except for $10,000.00, which I received yesterday, $10,000.00 on 9/25/02 and $14,000.00 on 10/16/02. A total of $34,000.00, even though we provided you with proper Certified payrolls and the job is completed except for a small punch-list which will be completed tomorrow Friday 12/13/02.

Metron Environmental Ltd.



We are back charging you the following:

1. Securing Scaffold Planks before heavy winds and storm weather.
   Abatement Rate
   2 Days x 6 men x 8 hrs + 1 Super x 8 hrs = 96 Hrs Men + 16 Hrs Super

2. Extra time needed because G.C did not supply Metron with the correct sprayer for priming the outside and ½ of the inside.
   Painter's Rate
   3 Days x 6 men x 8 hrs = 144 Hrs Men

3. GC did not inform Metron correctly on primer curing time between coats, which means that Metron had to re-schedule painting an additional coat of primer over the entire Light Tower.
   Painter's Rate
   2 Days x 6 men x 8 hrs = 96 Hrs Men

4. Move the paint from jobsite to Metron's garage.
   Abatement Rate
   1 Day x 2 men x 4 hrs = 8 Hrs Men

| Totals | | | |
|---|---|---|---|
| Abatement Rate | 104 Hrs Men x $37.96 | = | $ 3,947.84 |
| | 16 Hrs Super x $40.63 | = | $ 650.08 |
| Painter's Rate | 240 Hrs Men x $48.67 | = | $11,680.80 |
| | Total | | $16,278.72 |

We need a payment in purpose for us to be able to move the waste (in drums) from the jobsite. This pick-up is scheduled for Monday December 16, 2002.

Thank you.

Sincerely yours,

Vassilios Georgiadis/CEO
Treasurer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
COURT
STATE OF NEW YORK COUNTY OF Index No. Year

UNITED STATES OF AMERICA EX REL METRON ENVIRONMENTAL LIMITED,

Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES, INC. and NOVA CASUALTY COMPANY,

Defendants.

SUMMONS AND COMPLAINT

RABINOWITZ & GALINA
ATTORNEYS AT LAW
*Attorney(s) for* Plaintiff
*Office and Post Office Address, Telephone*
94 Willis Avenue
MINEOLA, NEW YORK 11501
(516) 739-8222

To

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order of which the within is a true copy
will be presented for settlement to the HON. one of the judges of the
within named Court, at

PLEASE STAMP THIS COPY AND RETURN IN S.A.S.E.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT ON NEW YORK

-----------------------------------------------------------------X Index No. CV- 03-1952

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED,

Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES INC.,
and NOVA CASUALTY COMPANY,

Defendants.

-----------------------------------------------------------------X

VERIFIED ANSWER AND COUNTERCLAIMS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 2 3 2003 ★
BROOKLYN OFFICE

The defendants, EAGLE MANAGEMENT ENTERPRISES INC., and NOVA CASUALTY COMPANY, as and for its answer, allege upon information and belief the following:

1. Defendants admit the allegations contained in paragraphs 2, 3 ,4, 5, and 9, of the complaint.

2. Defendants deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 1, 6, and 7 of the complaint.

3. Defendants deny the allegations contained in paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24 ,25, 26, 27, 28, 30, 31, 32, 33, 34, and 35 of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4. Plaintiff is in substantial breach of any alleged contract.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5. That the labor and/or materials provided by plaintiff were defective, improperly performed and/or installed, and not provided in a professional and workmanlike manner, were shoddy, and untimely provided.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6. The complaint fails to state a valid cause of action.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7. That plaintiffs' claims are barred by the Statute of Frauds.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8. That plaintiff's claims are time barred by the statute of limitations.

COUNTERCLAIMS

I. AS AND FOR A FIRST COUNTERCLAIM

9. Defendants repeat the allegations set forth in paragraphs "1" through "8" above with the same force as if fully set forth herein.

10. Plaintiff is in substantial breach of any alleged contract, and defendant EAGLE MANAGEMENT ENTERPRISES INC., has incurred damages in the sum of Five Hundred Thousand dollars and 00/100 cents ($500.000.00).

II. AS AND FOR A SECOND COUNTERCLAIM

11. Defendants repeats the allegations set forth in paragraphs "1" through "10" above with the same force as if fully set forth herein.

12. The plaintiff's work was not complete, shoddy, unprofessional, unworkmanlike, untimely provided or not provided, and plaintiff caused substantial delays to the project.

13. As the result of plaintiff's aforementioned conduct and breach of contract, the defendant EAGLE MANAGEMENT ENTERPRISES INC. was forced to hire other contractors, engineers, and/or architects to complete, correct and repair plaintiff's shoddy, defective, incomplete, and untimely work and replace defective materials, and defendant EAGLE MANAGEMENT ENTERPRISES INC. incurred damages in the sum of Three Hundred Thousand dollars and 00/100 cents ($300.000.00).

III. AS AND FOR A THIRD COUNTERCLAIM

14. Defendants repeats the allegations set forth in paragraphs "1" through "13" above with the same force as if fully set forth herein.

15. Defendant EAGLE MANAGEMENT ENTERPRISES INC., had to complete the plaintiff's work which was incomplete, shoddy, unprofessional, unworkmanlike, untimely provided or not provided, and plaintiff caused substantial delay to the project.

16. As the result of plaintiff's aforementioned conduct and breach of contract, the defendant EAGLE MANAGEMENT ENTERPRISES INC., was forced to complete, correct and repair plaintiff's shoddy, defective, incomplete, and untimely work and replace defective materials, and incurred damages in the sum of Three Hundred Thousand dollars and 00/100 cents ($300.000.00).

IV. AS AND FOR A FOURTH COUNTERCLAIM

17. Defendants repeats the allegations set forth in paragraphs "1" through "16" above with the same force as if fully set forth herein.

18. Due to the substantial delays caused by plaintiff in failing to complete the contract, defendant EAGLE MANAGEMENT ENTERPRISES INC. lost other business, time, reputation, revenue, and defendant was damaged in the sum of Five Hundred Thousand Dollars and 00/100 cents ($500.000.00).

V. AS AND FOR A FIFTH COUNTERCLAIM

19. Defendants repeats the allegations set forth in paragraphs "1" through "18" above with the same force as if fully set forth herein.

20. Due to the breach of contract by the plaintiff and the plaintiff's aforementioned conduct, the defendant EAGLE MANAGEMENT ENTERPRISES INC. was forced to incur legal fees in the defense of plaintiff's frivolous action, as well as fees with its bonding company, the other defendant herein.

21. Wherefore, defendant EAGLE MANAGEMENT ENTERPRISES INC. demands that plaintiff pay attorneys fees in an amount to be determined by this court, but in no event less than $200,000.00.

VI. AS AND FOR A SIXTH COUNTERCLAIM

22. Defendants repeats the allegations set forth in paragraphs "1" through "21" above with the same force as if fully set forth herein.

23. Due to the breach of contract by the plaintiff and the plaintiff's aforementioned conduct, the defendant EAGLE MANAGEMENT

ENTERPRISES INC. may be defaulted from the project by the United States Coast Guard and/or the applicable federal agency.

24. In the event EAGLE MANAGEMENT ENTERPRISES is defaulted from the project, and/or has to incur additional expenses to re-do, correct, repair, or complete any work on the project due to plaintiff's breach of the contract and misconduct as alleged above, and/or in the event EAGLE MANAGEMENT ENTERPRISES incurs monetary damages in having its bonding company, insurance company, and/or the defendant NOVA being forced to complete the job, EAGLE MANAGEMENT ENTERPRISES will hold the plaintiff liable for any and all damaged incurred in an amount to be determined at trial, but in no event less than $750,000.00.

25. Wherefore, defendant EAGLE MANAGEMENT ENTERPRISES INC. demands that plaintiff pay attorneys fees in an amount to be determined by this court, but in no event less than $200,000.00.

WHEREFORE, the defendants EAGLE MANAGEMENT ENTERPRISES INC., and NOVA CASUALTY COMPANY, request that plaintiff's complaint be dismissed, and defendant EAGLE MANAGEMENT ENTERPRISES INC. requests the relief in the amounts previously set forth in the above counterclaims, and for the costs and disbursements of this action, and for whatever other and further relief this court deems just and proper.

Dated: New York, New York
July 21, 2003

Yours, etc.

LEONARD J. CATANZARO
Attorney for Defendants
434 Broadway, Suite 900
New York, New York 10013
(212) 226-1234

TO:
RABINOWITZ & GALINA, ESQS.
94 Willis Avenue
Mineola, New York 15501
(516) 739-8222

ORIGINAL

VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

I, JOHN VAKALOPOULOS, the undersigned, being duly sworn, deposes and says: I am the President of EAGLE MANAGEMENT ENTERPRISES INC., I have read the foregoing VERIFIED ANSWER AND COUNTERCLAIMS and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. This verification is made by me because I am the defendant herein.

EAGLE MANAGEMENT ENTERPRISES INC.,

By: [signature]
JOHN VAKALOPOULOS, President

Sworn to before me on this
21st day of July, 2003

[signature]
NOTARY REPUBLIC

LEONARD J. CATANZARO
Notary Public, State of New York
No. 02CA5018641
Qualified in New York County
Commission Expires Oct. 4, ~~1999~~ 2005

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

I, GREGORY O'MAHONY, the undersigned, being duly sworn, deposes and says: I am the Assistant Vice President of NOVA CASUALTY COMPANY, I have read the foregoing VERIFIED ANSWER AND COUNTERCLAIMS and knew the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true. This verification is made by me because I am the defendant herein.

NOVA CASUALTY COMPANY

By: [signature]
GREGORY O'MAHONY, Assistant Vice President

Sworn to before me on this
21st day of July, 2003

[signature]
NOTARY REPUBLIC

LEONARD J. CATANZARO
Notary Public, State of New York
No. 02CA5018641
Qualified in New York County
Commission Expires Oct. 4, ~~1997~~ 2005 LJC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT ON NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED

Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES INC.,
and NOVA CASUALTY COMPANY,

Defendants.

---------------------------------------------------------X

Index No. CV- 03-1952

AFFIRMATION OF SERVICE

LEONARD J. CATANZARO, ESQ., an attorney duly admitted to practice law in the State of New York affirms under penalties of perjury that on:

July 21, 2003

Deponent served upon plaintiff a true copy of the defendant's VERIFIED ANSWER AND COUNTERCLAIMS, DEMAND FOR BILL OF PARTICULARS, NOTICE FOR DISCOVERY AND INSPECTION and NOTICE TO TAKE ORAL DEPOSITION, by mailing a copy via the U.S. Postal Service postpaid First-Class Mail to defendant's counsel at the following address:

RABINOWITZ & GALINA, ESQS.
94 Willis Avenue
Mineola, New York 15501
(516) 739-8222

LEONARD J. CATANZARO, ESQ.

Sworn to me on this
21st day of July, 2003

STANLEY B. KATZ
Notary Public, State of New York
No. 31-4630171
Qualified in New York County
Commission Expires 2-28-07

Index No. CV- 03-1952
UNITED STATES DISTRICT COURT
EASTERN DISTRICT ON NEW YORK

---------------------------------------------------------X

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED

Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES INC.,
and NOVA CASUALTY COMPANY,

Defendants.

---------------------------------------------------------X

VERIFIED ANSWER,DEMAND FOR BILL OF PARTICULARS, NOTICE FOR DISCOVERY AND INSPECTION. AND NOTICE TO TAKE ORAL DEPOSITION

LEONARD J. CATANZARO, ESQ.
*Attorney for* Defendants
*Office and Post office Address, Telephone*
434 Broadway, Suite 900
New York, New York 10013
(212) 226-1234

SIGNING REQUIREMENT

I, the undersigned, duly admitted to practice law in New York State, plaintiff's attorney of record in the above action, under penalty of perjury do affirm that the following statement is true:

That, pursuant to section 130 - 1.1-a of the Rules of the Chief Administrator (22 NYCRR), by signing the papers herein certify that to the best of my knowledge, information and belief, formed under an inquiry reasonable under the circumstances, the presentation of the papers or the contentions herein are not frivolous as defined in subsection (c) of section 150-1.1.

Dated: New York, New York
July 21, 2003

LEONARD J. CATANZARO, ESQ.