IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1665C<br>(Judge Lettow) |

DEFENDANT'S MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 307-1011

Attorneys for Defendant

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
2100 2nd Street, S.W.
Washington, DC 20593-0001

electronically filed
March 8, 2005

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. This Court Does Not Possess Jurisdiction To Entertain Claims That Seek Declaratory Relief Or Claims For Money That Are Not Presently Due And Payable . . . . . . . . 5

A. Legal Standard Pursuant To RCFC 12(b)(1) . . . . 5

B. This Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claim for Declaratory Relief . . . . . . . . . . . . . . . . . . . . . . . . 6

C. This Court Does Not Possess Jurisdiction To Entertain A Claim For Monetary Relief That Is Not Presently Due And Payable . . . . . . . . . . . . 9

II. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted Because Plaintiff Is Not In Privity With The United States, Nor Is Plaintiff Equitably Subrogated To The Rights Of A Contractor Who Does Have Privity . . . . . . . . . . . . . . . . . . . . . . 10

A. Legal Standard Pursuant To RCFC 12(b)(6) . . . 10

B. Plaintiff Is Not In Privity With The United States, Nor Does Plaintiff State A Claim For Equitable Subrogation . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

### CASES

Page

Admiralty Constr., Inc. v. Dalton,
156 F.3d 1217 (Fed. Cir. 1998) . . . . . . . . . . . . . . 10, 12

Aetna Cas. & Sur. v. United States,
845 F.2d 971 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 12

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . 5

Argonaut Ins. Co. v. United States,
193 Ct. Cl. 483, 434 F.2d 1362 (1970) . . . . . . . . . . 16

Bradley v. Chiron Corp.,
136 F.3d 1317 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . 6

Davis v. Monroe County Bd. of Educ.,
526 U.S. 629 (1999) . . . . . . . . . . . . . . . . . . . . . 11

Fireman's Fund Ins. Co. v. United States,
909 F.2d 495 (Fed. Cir. 1990) . . . . . . . . . . . . . . 12,13

First Nat'l Bank in Houston v. United States,
350 U.S. 902 (1955) . . . . . . . . . . . . . . . . . . . . . 16

Fisher v. United States,
364 F.3d 1372 (Fed. Cir. 2004) . . . . . . . . . . . . . . . 17

Franchise Tax Bd. v. Constr. Laborers Vacation Trust,
463 U.S. 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . 6

Holley v. United States,
124 F.3d 1462 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . 6

INS v. St. Cyr,
533 U.S. 289 (2001) . . . . . . . . . . . . . . . . . . . . . 6

Insurance Co. of the West v. United States,
243 F.3d 1367 (Fed. Cir. 2001) . . . . . . . . . . . . 10, 12-14

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . . . . . . . . . . . . . . . . 5

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999) . . . . . . . . . . . . . . 6

National Air Traffic Controllers Assoc. v. United States,
160 F.3d 714 (Fed. Cir. 1998) . . . . . . . . . . . . . 8, 10

National Sur. Corp. v. United States,
118 F.3d 1542 (Fed. Cir. 1997) . . . . . . . . . . . . 12, 16

Ransom v. United States,
17 Cl. Ct. 263 (1989) . . . . . . . . . . . . . . . . . 16

Ransom v. United States,
900 F.2d 242 (Fed. Cir. 1990) . . . . . . . . . . . 10, 16

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) . . . . . . . . . . . . . . . 6

Scheuer v. Rhodes,
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . 5

Todd v. United States,
386 F.3d 1091 (Fed. Cir. 2004) . . . . . . . . . . . . . 10

Trinity Universal Ins. Co. v. United States,
382 F.2d 317 (5th Cir. 1967) . . . . . . . . . . . . . . 15

Twin Cities Props., Inc. v. United States,
81 Ct. Cl. 655 (1935) . . . . . . . . . . . . . . . . . . . 8

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . 7, 8, 10

United States v. Mitchell,
445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . 7

United States v. Munsey Trust Co. of D.C.,
332 U.S. 234 (1947) . . . . . . . . . . . . . . . . . 14, 15

United States v. Testan,
424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . 7

Westech Corp. v. United States,
20 Cl. Ct. 745 (1990) . . . . . . . . . . . . . . . . . . 15

STATUTES

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . 6-9, 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY, | |
| Plaintiff, | |
| v. | No. 04-1665C<br>(Judge Lettow) |
| THE UNITED STATES, | |
| Defendant. | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests the Court to dismiss the complaint. This Court does not possess subject matter jurisdiction to entertain the complaint because plaintiff requests declaratory relief and does not allege a claim for money that is presently due and payable. Plaintiff fails also to state a claim upon which relief can be granted because plaintiff is neither in privity with the Government, nor equitably subrogated to the rights of a contractor who does have privity. In support of this motion, we rely upon the plaintiff's complaint, the following memorandum of law, and the attached appendix.

MEMORANDUM OF LAW

ISSUES PRESENTED

1. Whether this Court possesses jurisdiction to entertain plaintiff's claim for declaratory relief.

2. Whether this Court possesses jurisdiction to entertain plaintiff's claim for money that is not presently due and payable.

3. Whether the complaint fails to state a claim upon which relief can be granted because plaintiff is not in privity with the Government, and plaintiff is not equitably subrogated to the rights of a contractor who does have privity.

STATEMENT OF THE CASE

Plaintiff, Nova Casualty Company ("Nova"), filed a complaint on November 10, 2004, against the United States, alleging that the United States Coast Guard ("Coast Guard") breached a procurement contract between the Coast Guard and a construction contractor, Eagle Management Enterprises ("Eagle Management"). Compl. at pg. 1.[1] As a condition of this contract, Eagle Management requested that Nova issue performance and payment

---

[1] "Compl. __" refers to the complaint filed with this Court on November 10, 2004. "Compl. Ex. __" refers to the exhibits attached to the complaint. "App. __" refers to the appendix attached to this motion.

bonds in the amount of $138,000. Compl. ¶ 8. Metron Environmental ("Metron"), a subcontractor hired by Eagle Management, filed suit against Eagle Management and Nova in the United States District Court for the Eastern District of New York. Compl. Ex. 1. In the district court case, Nova filed a third-party complaint against the Coast Guard. App. 1. The parties stipulated that the United States Court of Federal Claims ("Court of Federal Claims") has exclusive jurisdiction over claims against the United States founded upon any express or implied contract with the United States, and the district court dismissed the third-party complaint without prejudice. App. 2-3. Nova then filed its complaint in this action.

STATEMENT OF FACTS[2]

On September 6, 2001, Eagle Management entered into a contract with the Coast Guard, Contract No. DTCGG1-01-c-3WK143, for the interior and exterior painting of the Coast Guard's Coney Island Light Tower in Brooklyn, New York. See Compl ¶ 7; App. 4-5. As a condition of this procurement contract, Eagle Management requested that Nova issue payment and performance bonds in the amount of $138,000 each, for the benefit of the United States as

---

[2] For the purposes of this motion only, we assume that the facts stated in the complaint are true.

obligee. Compl ¶ 8. Nova issued these bonds. Id. Nova alleges that Eagle Management then entered into a subcontract with Metron, whereby Metron agreed to perform lead abatement, preparatory, and painting work. Compl. ¶ 9. Nova further alleges that Metron was to be paid $101,278.72 for the work to be performed pursuant to the subcontract. Compl. ¶ 10. Nova claims that Eagle Management received some payment on the prime contract from the Coast Guard, but then the Coast Guard refused to pay Eagle Management the full proceeds of the prime contract. Compl. ¶¶ 12-13. Metron then filed suit against Eagle Management and Nova in the United States District Court for the Eastern District of New York. Compl. ¶ 16. The case in district court remains pending. App. 6-12.

In its complaint before this Court, Nova alleges that "the Prime Contract was completed by Eagle Management and accepted by the Coast Guard." Comp. ¶ 19. Nova alleges also that it may be liable to Metron for the unpaid balance of its subcontract with Eagle Management, pursuant to the terms of the payment bond issued by Nova "assuring payment of all labor and material provided in the performance of the Prime Contract." Compl. ¶ 22. Nova claims that, in the event that it is found liable to Metron under the terms of its payment bond, it is entitled by

subrogation to judgment against the Coast Guard for the full unpaid balance upon the contract between the Coast Guard and Eagle Management. Compl. ¶ 23. Nova also requests a declaratory judgment from this Court discharging Nova from liability upon its payment bond "by reason of the material breach of the Prime Contract by the Coast Guard." Compl. ¶ 28.

## ARGUMENT

### I. This Court Does Not Possess Jurisdiction To Entertain Claims That Seek Declaratory Relief Or Claims For Money That Are Not Presently Due And Payable

#### A. Legal Standard Pursuant to RCFC 12(b)(1)

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court may examine relevant evidence in order to resolve any factual disputes that are pertinent to determining jurisdiction. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 747 (Fed.

Cir. 1988).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998).

B. This Court Does Not Possess Jurisdiction To Entertain Plaintiff's Claim for Declaratory Relief

A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n.10 (2001). Plaintiffs in this Court must look beyond this Court's jurisdictional statute, the Tucker Act, 28 U.S.C. § 1491, for a waiver of sovereign immunity with respect to their claim. United States v. Mitchell, 445 U.S. 535, 538 (1980).

The Tucker Act requires that a plaintiff identify an independent substantive right enforceable against the United States for money damages. 28 U.S.C. § 1491. The Tucker Act states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the Supreme Court, the Tucker Act waives sovereign immunity to authorize this Court to consider, among other things, claims based upon an express or implied contract with the United States and monetary claims based upon money mandating statutes. See United States v. Testan, 424 U.S. 392, 400 (1976).

In its prayer for relief, Nova asks this Court for a declaratory judgment discharging Nova from liability upon the payment bond with Eagle Management. Compl. at pgs. 5-6. This remedy is not available to Nova in this Court.

In United States v. King, 395 U.S. 1 (1969), the Supreme Court concluded that the predecessor to this Court, the Court of Claims, lacked the jurisdiction to grant declaratory relief. Quoting Twin Cities Props., Inc. v. United States, 81 Ct. Cl. 655 (1935), the Supreme Court concluded:

> If Congress had intended to extend the scope of this court's jurisdiction and subject the United States to the declaratory judgment

> act, we think express language would have been used to do so, and the court is not warranted in assuming an intention to widen its jurisdiction from general provisions of the act which concerns a proceeding equitable in nature and foreign to any jurisdiction this court has heretofore exercised.

King, 395 U.S. at 4. Although the Tucker Act has been amended to permit the Court of Federal Claims to grant equitable relief incident to a monetary judgment, "there is no provision giving the Court of Federal Claims jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief pending before the court." National Air Traffic Controllers Assoc. v. United States, 160 F.3d 714, 716 (Fed. Cir. 1998) (citing 28 U.S.C. § 1491(a)(2), (b)(2)). "It is not enough that the court's decision may affect the disposition of a monetary claim pending elsewhere, or that the court's decision will ultimately enable the plaintiff to receive money from the [G]overnment." Id. (citing King, 395 U.S. at 4). As will be discussed below, plaintiff has not presented a claim for money damages that are presently due and payable. Even if Nova did state a claim for monetary relief, the declaration it is seeking would not be incident to that claim. Therefore, this Court does not possess jurisdiction to entertain plaintiff's request for a declaratory judgment.

C. This Court Does Not Possess Jurisdiction To Entertain A Claim For Monetary Relief That Is Not Presently Due And Payable

In its complaint, Nova requests judgment against the United States for the remaining balance on the prime contract between the Coast Guard and Eagle Management, "up to the amount, if any, found to be due to Metron on its cause of action against Nova's Payment Bond." Compl. ¶ 24 (emphasis added). The case in the United States District Court for the Eastern District of New York remains pending, and Nova has not been ordered to pay any amount to Metron on the payment bond. See App. 6-12. Nova does not allege in its complaint before this Court that it has paid money upon the performance bond or upon the payment bond. Nova is essentially seeking indemnification from the United States for any amount that it may be ordered to pay to Metron in the future. This Court does not possess jurisdiction to entertain such claims.

The statutory language of the Tucker Act, 28 U.S.C. § 1491(a), has been interpreted to require that a plaintiff seeking to invoke the Court of Federal Claims' jurisdiction must present a claim for "actual, presently due monetary damages from the United States." National Air Traffic Controllers Assoc. v. United States, 160 F.3d 714 (Fed. Cir. 1998)(quoting United

States v. King, 395 U.S. at 3) (emphasis added).

In Nova's complaint before this Court, it has not alleged any presently due and payable damages from the United States. In fact, Nova is not even in privity with the United States because it is not a party to the prime contract between the Coast Guard and Eagle Management.[3] A plaintiff cannot base a claim for money damages upon a contract to which it is not a party (unless it is a third party beneficiary, an assignee, or has a claim by subrogation). See Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004). For the above reasons, the complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## II. Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted Because Plaintiff Is Not In Privity With The United States, Nor Is Plaintiff Equitably Subrogated To The Rights Of A Contractor Who Does Have Privity

### A. Legal Standard Pursuant To RCFC 12(b)(6)

When confronted with a motion to dismiss for failure to state a claim pursuant to RCFC 12(b)(6), the Court should grant the motion if "it appears beyond doubt that [plaintiff] can prove

[3] There is no contract or privity of contract between the Government and a surety. Insurance Co. of the West v. United States, 243 F.3d 1367, 1370 (Fed. Cir. 2001)(citing Ransom v. United States, 900 F.2d 242, 244-45 (Fed. Cir. 1990); Admiralty Constr., Inc. v. Dalton, 156 F.3d 1217, 1220-21 (Fed. Cir. 1998)).

no set of facts in support of [its] claim which would entitle [it] to relief." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999).

B. Plaintiff Is Not In Privity With The United States, Nor Does Plaintiff State A Claim For Equitable Subrogation

In its complaint, Nova alleges that the Coast Guard breached its contract with Eagle Management. Compl. ¶¶ 20, 26. But Nova is not a party to this contract. App. 4-5. Instead, Nova is a surety who issued performance and payment bonds for the work to be completed pursuant to the contract. Compl. ¶ 8. Nova does not allege that it was a takeover surety who has completed the project pursuant to the terms of its performance bond.

The central provision granting consent to suit in this Court is the Tucker Act. 28 U.S.C. § 1491. There is no question but that the Tucker Act contains a waiver of the Government's sovereign immunity to be sued by its contractors or by those who "stand in the shoes" of its contractors. Insurance Co. of the West, 243 F.3d at 1372. The question is the extent to which that waiver extends. There is no privity of contract between the United States and a non-takeover surety who did not complete the

project under the terms of its performance bond.[4] As the Court of Appeals for the Federal Circuit recently observed, "[w]e have specified two circumstances in which a surety may succeed to the contractual rights of a contractor against the [G]overnment: when the surety takes over contract performance or when it finances completion of the defaulted contract." Insurance Co. of the West, 243 F.3d at 1370 (citing, inter alia, Admiralty Constr., Inc. v. Dalton, 156 F.3d 1217, 1222 (Fed. Cir. 1998)). This succession, or assignment of rights by operation of law, Fireman's Fund Ins. Co. v. England, 313 F.3d 1344 (Fed. Cir. 2002), appears to be the basis upon which the "non-contractual doctrine of equitable subrogation" is founded. Insurance Co. of the West, 243 F.3d at 1221.

In Insurance Company of the West, the court of appeals defined the waiver of sovereign immunity found in the Tucker Act

[4] The surety is not a third-party beneficiary of the Government contracts upon which it posts bonds. National Sur. Corp. v. United States, 118 F.3d 1542, 1545 (Fed. Cir. 1997)("The surety's rights and obligations are not based on third-party beneficiary concepts"); Fireman's Fund Ins. Co. v. United States, 909 F.2d 495, 500 (Fed. Cir. 1990)(a surety "is neither the intended third-party, nor the direct, beneficiary" of the bonded contract). Further, the surety is not in privity with the Government merely because of the surety having posted a bond on a Government contract. Admiralty Constr., Inc., 156 F.3d at 1222; Aetna Cas. & Sur. v. United States, 845 F.2d 971, 975 (Fed. Cir. 1988).

in so far as it relates to a surety. The scope of that waiver was based upon the conclusion that "a subrogee, after stepping into the shoes of a government contractor, may rely on the waiver of sovereign immunity in the Tucker Act and bring suit against the United States." 243 F.3d at 1375 (emphasis added). The Court stated also that the subrogee, as an assignee by operation of law, has "the same right[s]" as the Government contractor, "with its advantages and disadvantages." Id. at 1374 (emphasis added). Given the requirement that the surety "step into the shoes of a [G]overnment contractor," Id. at 1375, there is little room to argue that the Tucker Act's waiver extends beyond a takeover surety or one who effectively completes the project by financing its completion under its performance bond. In this case, Nova did neither, and therefore, it is not equitably subrogated to the rights of Eagle Management. See Fireman's Fund, 313 F.3d at 1352 (even when a surety takes over performance, the surety is not subrogated to the rights of the contractor for pre-takeover claims).

As pled in the complaint, Nova fears that it will be held liable to the subcontractor Metron pursuant to the terms of its payment bond. Compl. ¶¶ 23-24. If Nova must pay Metron pursuant to its payment bond, then Nova's actions fall within the

> well-established [rule] that a surety who discharges a contractor's obligation to pay subcontractors is subrogated only to the rights of the subcontractor. Such a surety does not step into the shoes of the contractor and has no enforceable rights against the [G]overnment.

Insurance Co. of the West, 243 F.3d at 1371 (emphasis added). This conclusion is consistent with the Supreme Court's decision in United States v. Munsey Trust Co. of D.C., 332 U.S. 234 (1947), upon which the court of appeals relied, and in which the Supreme Court concluded:

> If the United States were obligated to pay laborers and materialmen unpaid by a contractor, the surety who discharged that obligation could claim subrogation. But nothing is more clear than that laborers and materialmen do not have enforceable rights against the United States for their compensation.

332 U.S. at 241. Therefore, where the surety pays the subcontractors and suppliers, its recourse is the same as that of the subcontractors and suppliers: against the prime contractor, not the Government. In other words, "[the surety] cannot acquire by subrogation what [the subcontractor,] whose rights he claims[,] did not have." Munsey Trust Co., 332 U.S. at 242.

The apparent rationale for distinguishing between performance bond or take over sureties and sureties that merely

satisfy the payment obligations of the prime contractor, lies in the benefit derived by the Government from the acts of the surety. The purpose of a surety agreement is "simply to insure completion of the [G]overnment's project . . . at the contract price." Westech Corp. v. United States, 20 Cl. Ct. 745, 751 (1990)(citing Trinity Universal Ins. Co. v. United States, 382 F.2d 317, 321 (5th Cir. 1967), cert. denied, 390 U.S. 906 (1968)).

Permitting recourse by the surety against the Government, when the surety neither takes over nor finances completion of contract performance, converts the Government into an insurer for the surety against losses precipitated by the contractor with whom the surety entered into a contract. Instead, the question of loss under the payment bond should be a matter to be resolved between the surety and the contractor that it bonded and that caused the loss. Based upon the superior knowledge and position of the surety, shifting the obligation to the surety to resolve such matters is neither unfair nor unreasonable.[5] Indeed, the

[5] In Argonaut Ins. Co. v. United States, 193 Ct. Cl. 483, 434 F.2d 1362 (1970), the Court of Claims reiterated the "well-established principle that the subrogation right claimed by plaintiff is not a right that springs from contract but is merely a creature of equity, to be carried out in the exercise of equitable discretion and with due regard to the legal and equitable rights of others." Id., 434 F.2d at 1367 (citing

surety has agreed, for a price, to accept the risk inherent in insuring the performance and payment by a contractor and occupied a better position than the Government in deciding to whom it would issue bonds. Cf., Ransom v. United States, 17 Cl. Ct. 263, 269 (1989) (information related solely to an individual contractor's ability to perform is better known by surety than Government), aff'd, 900 F.2d 242 (Fed. Cir. 1990).

Because Nova did not complete the contract performance of its bonded contractor; nor did it effectively complete the contract performance by paying for completion pursuant to a performance bond, Nova fails to meet the criteria established to bring an equitable subrogation claim against the Government. Given this fact and the fact that the surety was never "a contractor" with the Government, the inescapable conclusion is that there is no basis for this Court to exercise jurisdiction over the claim. This failure equates with a failure to state a claim upon which this Court can grant relief, for which reason the claim should be dismissed. See Fisher v. United States, 364 F.3d 1372, 1377 (Fed. Cir. 2004).

---

National Sur. Corp. v. United States, 133 F. Supp. 381, 132 Ct. Cl. 724, cert. denied, sub nom., First Nat'l Bank in Houston v. United States, 350 U.S. 902 (1955)).

Nova has not alleged that it has paid any funds based upon its performance bond. It only alleges that it may, at some future time, be ordered to pay a judgment to Metron based upon its payment bond. Compl. ¶ 24. Nova has not established privity with the Government sufficient to bring a claim against the United States pursuant to the Tucker Act, 28 U.S.C. § 1491. Nova did not allege that it took over or financed contract performance. Nova, therefore, has not stated a claim for equitable subrogation upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, we respectfully request that this Court dismiss plaintiff's complaint pursuant to RCFC 12(b).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Dawn S. Conrad

DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 307-1011

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
2100 2nd Street, S.W.
Washington, DC 20593-0001

March 8, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Because it appears that plaintiff's counsel has not yet received an ECF account, I hereby certify under penalty of perjury that on this 8th day of March 2005, I caused to be served by United States mail (first class, postage prepaid) copies of "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

Neil B. Connelly, Esq.
The Law Offices of Neil B. Connelly
99 Church Street, 4th Floor
White Plains, NY 10601-1505

s/Dawn S. Conrad

INDEX TO APPENDIX


| Description | Page |
|---|---|
| Stipulation and Order of Dismissal of Third-Party Complaint in U.S. District Court for the Eastern District of New York . . . . . . . . . . | 1 |
| First two pages of contract between Coast Guard and Eagle Management . . . . . . . . . . . . . . . . . . . | 4 |
| Docket from Metron Environmental Ltd v. Eagle Management Entreprise, Inc. et al, No. CV-03-1952 (E.D.N.Y. filed Apr. 23, 2003) . . . . . . . . . | 6 |