IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-------------------------------------------------------------------X

NOVA CASUALTY COMPANY,
Plaintiff,

-against-

THE UNITED STATES OF AMERICA,
Defendant

-------------------------------------------------------------------X

No.: 04-1665C
(Judge Lettow)

**AMENDED COMPLAINT**

Electronically filed
April 8, 2005

Plaintiff NOVA CASUALTY COMPANY (hereinafter "Nova"), by its attorney Neil B. Connelly, Esq., as and for its amended complaint against the UNITED STATES OF AMERICA, respectfully alleges and says as follows:

1. Nova is a corporation organized and existing under the laws of the State of New York, with its principal offices in the City of Buffalo, New York, and at all times relevant hereto was certified by the United States Department of the Treasury as an acceptable surety on bonds issued on construction projects for agencies of the Armed Forces of the United States of America, including the United States Coast Guard.

2. The United States Coast Guard (hereinafter the "Coast Guard") is an Agency and one of the Armed Forces of the United States of America. The Coast Guard is duly authorized to enter into contracts with non-governmental persons for the provision of services, supplies, and labor at properties under the control, maintenance or supervision of the Coast Guard.

## JURISDICTION AND VENUE

3. Nova's amended complaint asserts a cause of action for breach of contract arising out of procurement contract No. DTCGG1-01-C-3WK143 between the Coast Guard and construction contractor, Eagle Management Enterprises (hereinafter "Eagle Management"), the principal on Performance and Payment Bonds issued by Nova, as surety, for the benefit of the

United States, as obligee, on said procurement contract in accordance with the requirements of the Miller Act, 40 U.S.C. § 270a.

4. Nova's amended complaint also appeals from the Contracting Officer's Final Decision dated February 14, 2005, that asserted a claim in the sum of $22,245.05 against Nova under the Performance Bond issued by Nova on Contract No. DTCGG1-01-C-3WK143.

5. Contract No. DTCGG1-01-C-3WK143 between the Coast Guard and Eagle Management is a contract subject to the Contracts Disputes Act, 41 U.S.C. § 601 et seq.

6. Based upon 28 U.S.C. §§ 1346(a)(2) & 1491(a)(1), the United States Court of Federal Claims has exclusive subject matter jurisdiction over claims against the United States founded upon any express or implied contract with the United States that is subject to the Contract Disputes Act.

## VENUE

7. Nova respectfully requests that the hearing of this action be held in Kings County, New York, because many of the witnesses reside there and the events giving rise to this action occurred in Kings County, New York.

## FACTUAL BACKGROUND

8. On or about June 28, 2002, Eagle Management Enterprises ("Eagle Management") entered into a contract with the Coast Guard, pursuant to which Eagle Management was to provide certain labor and materials at a project known as the Coney Island Light House, Brooklyn, New York (a/k/a Sea Gate Light Tower), Contract No. DTCGG1-01-C-3WK143 ("Prime Contract").

9. As a condition of the Prime Contract, and in accordance with the requirements of the Miller Act, 40 U.S.C. § 270a, on or about August 4, 1995, Eagle Management requested, and Nova issued, Performance and Payment Bonds (the "Bonds"), identified as Bonds No. 18271, in the

respective penal sums of One Hundred Thirty-Eight Thousand and 00/100 ($138,000.00) Dollars, for the benefit of the United States of America as obligee.

10. As partial consideration for Nova's execution of performance and payment bonds at its request, Eagle Management executed a General Agreement of Indemnity in favor of Nova.

11. The General Agreement of Indemnity included an assignment to Nova, and a voluntary subrogation in favor of Nova, of all Eagle Management's rights under any contract for which Nova issued its bonds, and on which Eagle Management failed to complete its contract obligations, or otherwise caused a claim to be asserted against Nova's bonds.

12. Upon information and belief, Eagle Management entered into a subcontract (the "Subcontract") with Metron Environmental Limited ("Metron"), pursuant to which Metron was to, inter alia, paint the Coney Island Lighthouse according to the plans and specifications of the Prime Contract.

13. On January 14, 2003, the Coast Guard approved and accepted the painting of the Coney Island Lighthouse as being in compliance with the terms of the Prime Contract.

14. On or about June 20, 2003, the Coast Guard allegedly discovered "blotches" all over the Coney Island Lighthouse, and demanded that Eagle Management cure the defects.

15. In an examination before trial conducted under oath in a lawsuit in the United States District Court for the Eastern District of New York entitled *United States of America ex rel Metron Environmental Limited v. Eagle Management Enterprises and Nova Casualty Company*, Civil Action No. CV-03-1952, the principal of Metron, Vasilios Georgiadis, testified that Metron applied the paint to the Coney Island Lighthouse in accordance with the requirements of the Prime Contract including, without limitation, the paint manufacturer's specifications.

16. On February 17, 2004, the Coast Guard issued a Contracting Officer's Final Decision in which the Coast Guard declared that Eagle Management had failed to perform corrective work on the Coney Island Lighthouse, and that the Coast Guard would have repairs performed by others, with the resultant costs charged to Eagle Management's account, or to the account of Eagle Management's surety, Nova. A copy of the February 17, 2004 Contracting Officer's Final Decision was sent by the Coast Guard to Nova.

17. The Coast Guard's February 17, 2004, Contracting Officer's Final Decision stated that an appeal of that Decision may be brought directly to the U.S. Court of Federal Claims within twelve months of the date the Decision was received.

18. The Coast Guard's February 17, 2004, Contracting Officer's Final Decision further stated that the Contract balance as of February 17, 2004, was $30,676.50.

19. On October 8, 2004, Coast Guard Contracting Office John O'Boyle issued a letter to Nova in which he advised that a contract had been awarded to Verrazano Contracting Co., Inc., ("Verrazano") in the amount of $22,805.00 for the painting of the Coney Island Lighthouse.

20. On November 26, 2004, Coast Guard Contracting Office John O'Boyle issued a letter to Nova in which he advised, for the first time, that in July 2003, after the Coast Guard's discovery of the "blotches" on the Coney Island Lighthouse, the Coast Guard had issued payment to Eagle Management in the sum of $25,303.50.

21. The Coast Guard's July 2003 payment to Eagle Management in the sum of $25,303.50 reduced the Prime Contract balance to $5,373.00.

22. On February 14, 2005, the Coast Guard issued another Contracting Officer's Final Decision to Eagle Management, with a copy to Nova and its attorney.

23. The Coast Guard's February 14, 2005, Contracting Officer's Final Decision stated that Eagle Management and/or Nova are responsible for the additional costs incurred in the painting of the Coney Island Lighthouse by Verrazano, and demanded payment in the sum of $22,245.05.

24. The Coast Guard's February 14, 2005, Contracting Officer's Final Decision stated that an appeal of that Decision may be brought directly to the U.S. Court of Federal Claims within twelve months of the date the Decision was received.

25. In a March 2, 2005 letter to John O'Boyle, Contracting Officer, United States Coast Guard, Nova, through counsel, objected to the Coast Guard's February 14, 2005 Contracting Officer's Final Decision.

**AS AND FOR A FIRST CAUSE OF ACTION**

26. Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "25" hereof as though fully set forth herein at length.

27. The Coast Guard's July 2003 payment to Eagle Management in the sum of $25,303.50 was a breach by the Coast Guard of the payment terms of the Prime Contract.

28. The Coast Guard's breach of the payment terms of the Prime Contract prejudiced Nova in the amount of said payment, $25,303.50.

29. By reason of the Coast Guard's breach of contract, Nova, as surety on the Prime Contract, has been damaged in an amount to be determined at trial, but no less than $25,303.50.

**AS AND FOR AN APPEAL FROM THE COAST GUARD'S FEBRUARY 14, 2005 CONTRACTING OFFICER'S FINAL DECISION**

30. Nova hereby repeats and realleges each and every statement contained in paragraphs "1" through "25", and "27" through "29" hereof as though fully set forth herein at length.

31. Nova hereby appeals from each and every part of the Coast Guard's February 14, 2005 Contracting Officer's Final Decision.

32. On January 14, 2003, the Coast Guard advised Eagle Management that the exterior painting work had been completed satisfactorily.

33. The Coast Guard's February 14, 2005 Contracting Officer's Final Decision included a "Finding of Fact" that there were deficiencies in the exterior painting of the Coney Island Lighthouse.

34. The Coast Guard's February 14, 2005 Contracting Officer's Final Decision did not include any substantial supporting evidence for its "Finding of Fact" that the exterior painting of the Coney Island Lighthouse had been defectively performed.

35. The Coast Guard's February 14, 2005 Contracting Officer's Final Decision did not provide a basis for the determination that Eagle Management and its painting subcontractor, Metron, failed to perform the painting requirements of the Prime Contract according to its terms.

36. Upon information and belief, the "blotches" on the Coney Island Lighthouse were caused by defective plans and specifications provided by the Coast Guard to Eagle Management for the Prime Contract.

37. Nova seeks a reversal of the Coast Guard's February 14, 2005 Contracting Officer's Final Decision with respect to its determination that the exterior painting of the Coney Island Lighthouse was not performed according to the Prime Contract's plans and specifications.

38. The Coast Guard's February 14, 2005 Contracting Officer's Final Decision contained a demand upon Nova for payment to the United States Coast Guard in the sum of $22,245.05.

39. The Coast Guard's February 14, 2005 Contracting Officer's Final Decision failed to apply to the cost of repainting the Coney Island Lighthouse the payment of $25,303.50 made by the

Coast Guard to Eagle Management in July, 2003, after the Coast Guard discovered the "blotches" on the lighthouse.

40. By reason of the foregoing, Nova appeals from the Coast Guard's February 14, 2005 Contracting Officer's Final Decision, including, but not limited to, the demand for payment made upon Nova in that Final Decision, and the Findings of Fact made by the Contracting Officer that are not supported by substantial evidence.

WHEREFORE, Nova demands judgment against the United States of America on its first cause of action for damages in an amount to be determined at trial, but no less than $25,303.50; and Nova appeals from and demands the reversal of the Coast Guard's February 14, 2005 Contracting Officer's Final Decision; together with such other, further, and different relief as the Court deems just and proper in the circumstances.

Electronically filed: April 8, 2005

Yours etc,

s/ Neil B. Connelly

Neil B. Connelly, Esq.
Attorney for Plaintiff
Nova Casualty Company
99 Church St., 4th Floor
White Plains, NY 10601
Tel (914) 328-4100
Fax (914) 684-0401

To: Peter D. Keisler
Assistant Attorney General

David M. Cohen
Director

James M. Kinsella
Deputy Director

Dawn S. Conrad
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor,
1100 L St., N.W.
Washington, D.C. 20530
Telephone (202) 307-1011

Attorneys for Defendant