IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1665C<br>(Judge Lettow) |

DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT AND REPLY IN SUPPORT OF MOTION TO DISMISS

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
2100 2nd Street, S.W.
Washington, D.C. 20593-0001

DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-1011

electronically filed
May 13, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . iv

DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REPLY IN SUPPORT OF MOTION TO DISMISS . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I. Plaintiff's Attempt To Appeal The Final Decision Of The Contracting Officer Does Not Present A Claim For Monetary Damages That Are Presently Due And Payable . 7

A. Only The Prime Contractor, Who Is In Privity With The Government, Can Appeal The Final Decision Of The Contracting Officer . . . . . . . . . . . . . 8

B. Plaintiff's General Indemnity Agreement Does Not Invest It With A Direct Right Of Action Against The Government, Because Such A Voluntary Transfer Of Rights Is Barred By The Anti-Assignment Act 11

II. Plaintiff Fails To State A Claim For Equitable Subrogation Because It Seeks Prepayment Review And Did Not Provide Notice Of The Contractor's Default To The Coast Guard Before The Coast Guard's July 2003 Payment to Eagle Management . . . . . . . . . . . . . . . . 14

A. A Surety Cannot Bring A Claim Based Upon Equitable Subrogation Against The Government Until It Pays Funds Pursuant To Its Performance Bond . . . . 14

B. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted Because It Did Not Notify The Coast Guard Of The Prime Contractor's Default Before The July 2003 Payment Was Made . . . . . . . . . . 16

III. Plaintiff Cannot Recover From The Government Any Payments Made To The Subcontractor Pursuant To The Payment Bond . . . . . . . . . . . . . . . . . . . . 19

IV. The Judicial Review Procedures In The CDA Replaced The Wunderlich Act For Contracts With Executive Agencies Formed After The Effective Date Of The CDA . . . . 20

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 22

# TABLE OF AUTHORITIES

## Cases

Page

Admiralty Constr. Inc. v. Dalton,
156 F.3d 1217 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . 9

Balboa Ins. Co. v. United States,
775 F.2d 1158 (Fed. Cir. 1985) . . . . . . . . . . . . . . 14, 15

Burnside-Ott Aviation Training Ctr. v. Dalton,
107 F.3d 854 (Fed. Cir. 1997) . . . . . . . . . . . . . . . 21

Crocker v. United States,
125 F.3d 1475 (Fed. Cir. 1997) . . . . . . . . . . . . . . . 22

Fidelity & Deposit Co. of Maryland v. United States,
31 Fed. Cl. 540 (1994) . . . . . . . . . . . . . . 9, 10, 14, 15

Fireman's Fund Ins. Co. v. United States,
909 F.2d 495 (Fed. Cir. 1990) . . . . . . . . . . . . . 14, 18

Fireman's Fund Ins. Co. v. England,
313 F.3d 1344 (Fed. Cir. 2002) . . . . . . . . . . . . . 12, 13

Fry Communications, Inc. v. United States,
22 Cl. Ct. 497 (1991) . . . . . . . . . . . . . . . . . . 21

G&H Machinery v. United States,
7 Cl. Ct. 199 (1985) . . . . . . . . . . . . . . . . . . . 21

Hartford Fire Ins. Co. v. United States,
40 Fed. Cl. 520 (1998) . . . . . . . . . . . . . . . . 17, 18

National Air Traffic Controllers Assoc. v. United States,
160 F.3d 714 (Fed. Cir. 1998) . . . . . . . . . . . . . . . 10

Oroville-Tonasket Irrigation Dist. v. United States,
33 Fed. Cl. 14 (1991) . . . . . . . . . . . . . . . . . . 21

Ransom v. United States,
17 Cl. Ct. 263 (1989) . . . . . . . . . . . . . . . . . . 18

Page

Reliance Ins. Co. v. United States,
27 Fed. Cl. 815 (1993) . . . . . . . . . . . . . . . . . 18

Royal Indemnity Co. v. United States,
93 F. Supp. 891 (Ct. Cl. 1950) . . . . . . . . . . . . . 13

United States v. King,
395 U.S. 1 (1969) . . . . . . . . . . . . . . . . . . 11

United States v. Seaboard Sur. Co.,
817 F.2d 956 (2nd Cir. 1987) . . . . . . . . . . . . . . . 9

Statutes

6 U.S.C. § 111 . . . . . . . . . . . . . . . . . . . . . . 21

10 U.S.C. § 111 . . . . . . . . . . . . . . . . . . . . . 21

14 U.S.C. § 1 . . . . . . . . . . . . . . . . . . . . . . 21

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . 10

31 U.S.C. § 3727 . . . . . . . . . . . . . . . . . . 12, 13

41 U.S.C. § 15 . . . . . . . . . . . . . . . . . . . . . 12

41 U.S.C. § 321 . . . . . . . . . . . . . . . . . . . 20, 21

41 U.S.C. § 322 . . . . . . . . . . . . . . . . . . . . . 21

41 U.S.C. § 601 . . . . . . . . . . . . . . . . . . . . . . 8

41 U.S.C. § 609 . . . . . . . . . . . . . . . . . . 6, 8, 10

Regulations

48 C.F.R. § 52.246-12 . . . . . . . . . . . . . . . . . 17

48 C.F.R. § 52.246-21 . . . . . . . . . . . . . . . . . 17

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1665C<br>(Judge Lettow) |

DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT AND REPLY IN SUPPORT OF MOTION TO DISMISS

Pursuant to RCFC 12(b)(1) and 12(b)(6), defendant, the United States, respectfully requests the Court to dismiss the amended complaint filed by plaintiff on April 8, 2005. Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, also respectfully submits its reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, which was filed with the Court on April 8, 2005. In the amended complaint, plaintiff asserts claims which are not within the subject matter jurisdiction of this Court and fail to state a claim upon which relief may be granted. In support of this motion to dismiss and reply, we rely upon the amended complaint, our original motion to dismiss, plaintiff's opposition to defendant's motion to dismiss with attachments, and the following memorandum of law.

MEMORANDUM OF LAW

ISSUES PRESENTED

1. Whether plaintiff's attempt to appeal the contracting officer's final decision presents a claim for monetary damages that are presently due and payable.

2. Whether plaintiff fails to state a claim based upon equitable subrogation because it seeks pre-payment review and it did not notify the Government of the prime contractor's default prior to the June 2003 payment to the prime contractor.

3. Whether plaintiff can recover from defendant any payments made to subcontractors pursuant to the payment bond.

4. Whether the judicial review procedures set forth in the Contract Disputes Act, 41 U.S.C. §§ 601 et seq. ("CDA"), replace the procedures set forth in the Wunderlich Act, 41 U.S.C. §§ 321, 322, for contracts with executive agencies formed after the CDA became effective.

STATEMENT OF THE CASE

Defendant relies upon the statement of the case set forth in its original motion to dismiss. Def. Mot. at 2-3.[1] In response to that motion to dismiss, plaintiff filed both an amended

[1] "Def. Mot. __" refers to our original motion to dismiss filed with the Court on March 8, 2005.

complaint and an opposition to our motion to dismiss on April 8, 2005.

STATEMENT OF FACTS[2]

On September 6, 2001, Eagle Management Enterprises ("Eagle Management") entered into a contract with the United States Coast Guard ("Coast Guard"), Contract No. DTCGG1-01-c-3WK143, for the interior and exterior painting of the Coast Guard's Coney Island Light Tower in Brooklyn, New York. Def. Mot. at 3. As a condition of this procurement contract, Eagle Management requested that Nova Casualty Company ("Nova") issue payment and performance bonds in the amount of $138,000 each, for the benefit of the United States as obligee. Id. at 3-4. Nova issued these bonds. Id. at 4. Eagle Management then entered into a subcontract with Metron Environmental ("Metron"), whereby Metron agreed to perform lead abatement, preparatory, and painting work. Id. In April 2003, Metron filed suit against Eagle Management and Nova in the United States District Court for the Eastern District of New York pursuant to the Miller Act, 40 U.S.C. § 3133(b). Def. Mot. at 4. That suit remains pending. Pl. Opp.

[2] For the purposes of this motion and reply only, we assume that the facts stated in the amended complaint are true.

at 7.[3]

On January 14, 2003, the contracting officer for the Coast Guard advised Eagle Management that the exterior painting work was completed satisfactorily. Pl. Opp. Ex. B. On or about June 20, 2003, the Coast Guard discovered "blotches" all over the exterior of the Coney Island Lighthouse, and demanded that Eagle Management cure the defects in the exterior painting. Am. Compl. ¶ 14.[4] In July 2003, the Coast Guard erroneously made a payment to Eagle Management in the amount of $25,303.50, which reduced the balance on the prime contract to $5,373.00. Am. Compl. ¶¶ 20, 21.

On February 17, 2004, the contracting officer issued a final decision declaring that Eagle Management had failed to perform the corrective work on the Coney Island Lighthouse that it was required to perform pursuant to the contract's warranty provisions, and advised Eagle Management that the Coast Guard would have repairs performed by others. Am. Compl. ¶ 16; Pl. Opp. Ex. C. The contracting officer advised that the repair work

---

[3] "Pl. Opp. __" refers to plaintiff's opposition to defendant's motion to dismiss filed with the Court on April 8, 2005. "Pl. Opp. Ex. __" refers to the exhibits attached to plaintiff's opposition to defendant's motion to dismiss.

[4] "Am. Compl.__" refers to the amended complaint filed with the Court on April 8, 2005.

would be charged to Eagle Management's account or the account of its surety. Id. On October 8, 2004, the contracting officer sent a letter to Nova advising that a contract had been awarded to Verrazano Contracting Co., Inc. ("Verrazano"), in the amount of $22,805, to perform the corrective work on the Coney Island Lighthouse. Am. Compl. ¶ 19. On November 26, 2004, the contracting officer sent another letter to Nova, and Nova learned for the first time that the July 2003 payment had been erroneously paid to Eagle Management. Id. ¶ 20.

On February 14, 2005, the contracting officer issued another final decision to Eagle Management and sent a copy to Nova. Id. ¶ 22. That decision found Eagle Management and/or its surety to be responsible for the additional costs incurred in performing the corrective work on Coney Island Lighthouse by Verrazano, and demanded payment in the amount of $22,245.05 by March 17, 2005. Id. ¶ 23; Pl. Opp. Ex. F. The February 14, 2005 decision stated that it could be appealed to the Department of Transportation Board of Contract Appeals or to the United States Court of Federal Claims ("Court of Federal Claims"). Id. The amended complaint contains no allegation that either Eagle Management or Nova paid the Coast Guard's demand of $22,245.05.

## SUMMARY OF THE ARGUMENT

Nova's attempt to appeal the contracting officer's final decision does not present a claim for monetary damages that are presently due and payable. Only the prime contractor, who is in privity with the Coast Guard, can appeal the contracting officer's final decision to this Court pursuant to the CDA, 41 U.S.C. § 609(a)(1). Furthermore, Eagle Management's assignment of rights to Nova, pursuant to a general indemnity agreement, is barred by the Anti-Assignment Act. For these reasons, the Court of Federal Claims does not possess jurisdiction to entertain Nova's appeal of the contracting officer's final decision.

Nova fails to state a claim for equitable subrogation because Nova has not made a payment pursuant to the performance bond. Also, Nova cannot maintain a claim for the July 2003 payment to Eagle Management because it did not provide notice to the Coast Guard that Eagle Management was in default prior to the July 2003 payment. For these reasons, Nova fails to state an equitable subrogation claim upon which relief can be granted.

Finally, Nova cannot recover from the United States any payments made to the subcontractor pursuant to the payment bond, and the CDA, not the Wunderlich Act, sets forth the judicial review procedures for contract disputes arising from the contract

between Eagle Management and the Coast Guard.

ARGUMENT

I. Plaintiff's Attempt To Appeal The Final Decision Of The Contracting Officer Does Not Present A Claim For Monetary Damages That Are Presently Due And Payable

In our original motion to dismiss, we argued that Nova's original complaint should be dismissed because it requested declaratory judgment and monetary damages that were not presently due and payable. Def. Mot. at 6-10. Nova was seeking indemnification from the United States for any amount that it may be ordered to pay to Metron, the subcontractor, in a proceeding in the United States District Court for the Eastern District of New York. Def. Mot. at 9. In its amended complaint, Nova has amended its causes of action and now seeks to appeal the February 14, 2005 contracting officer's final decision to this Court. Am. Compl. ¶¶ 30-40. In Nova's opposition to our motion to dismiss, it argues that our original motion to dismiss should be denied because the amended complaint now states a claim for damages that are presently due and payable. Pl. Opp. at 11. It bases this argument upon the contracting officer's final decision dated February 14, 2005, finding that Eagle Management "and/or" the surety owe the United States $22,245.05 for completion of the prime contract. Pl. Opp. Ex. F. For the reasons set forth

below, Nova still does not state a claim for monetary damages that are presently due and payable.[5]

A. Only The Prime Contractor, Who Is In Privity With The Government, Can Appeal The Final Decision Of The Contracting Officer

Nova cannot appeal the contracting officer's final decision because it is not a party to the contract with the Coast Guard. The contract between the Coast Guard and Eagle Management is governed by the CDA, which Nova concedes. See Am Compl. ¶ 5; Pl. Opp. 13-14. The CDA defines a "contractor" as a party to a Government contract other than the Government. 41 U.S.C. § 601(4). Only a "contractor" may appeal a final decision of a contracting officer to the Court of Federal Claims. 41 U.S.C. § 609(a)(1).

Nova is not a "contractor" within the meaning of the CDA because it has not entered into a takeover agreement with the Coast Guard. Sureties who have not executed a takeover agreement with the Government to complete a defaulted contract cannot show that they "entered into" a contract with "an executive agency."

[5] Plaintiff's amended complaint no longer sets forth a claim for declaratory relief. Therefore, we presume that plaintiff agrees that this Court does not possess jurisdiction to entertain plaintiff's earlier claim for declaratory relief. Accordingly, we do not further address that portion of our original motion to dismiss. Def. Mot. at 6-8.

Admiralty Constr. Inc. v. Dalton, 156 F.3d 1217, 1221 (Fed. Cir. 1998). The court of appeals sees "'no reason to judicially transform sureties into 'contractors' where Congress has not done so.'" Id. (quoting United States v. Seaboard Sur. Co., 817 F.2d 956, 962 (2nd Cir. 1987)).

Similarly, this Court has held that a surety who has not made payment pursuant to its obligation, or entered into a separate takeover agreement with the Government, is not a party to a Government contract and hence not a contractor within the meaning of the CDA. Fidelity & Deposit Co. of Maryland v. United States, 31 Fed. Cl. 540, 543 (1994). In that case, the surety sought to appeal its receipt of a demand letter from the contracting officer seeking payment from the surety upon the performance bond. Id. at 542. The letter was labeled as "the final decision of the contracting officer" and informed the surety of appeal rights to either the board of contract appeals or the claims court. Id. Because the surety was not in privity with the Government, this Court found that "the mechanics for review set forth in [the CDA] . . . have no bearing at all on when, where, or how [the surety] should proceed to obtain, if it can, prepayment review of the Government's demand." Id. at 543. "The contracting officer's views to the contrary, being incorrect

as a matter of law, are therefore of no legal significance." Id. (citations omitted).

In this case, the contracting officer's final decision dated February 14, 2005, is not directed at the surety. See Pl. Opp. Ex. F. It is directed at Eagle Management, the prime contractor. Id. The contracting officer states that his decision was sent to Nova as well as Eagle Management because Eagle Management had refused to accept previous correspondence from the Coast Guard. Id. Pursuant to the express terms of the CDA, it is only Eagle Management who may appeal the February 14, 2005 decision to the Court of Federal Claims. See 41 U.S.C. § 609(a)(1). Nova, who was not a party to the contract between the Coast Guard and Eagle Management, has no appeal rights from that decision.

Furthermore, the contracting officer's decision finding Eagle Management liable for $22,245.05 does not present a claim that is "presently due and payable" in this Court. As we stated in our original motion to dismiss, the statutory language of the Tucker Act, 28 U.S.C. § 1491(a), has been interpreted to require that a plaintiff seeking to invoke the Court of Federal Claims' jurisdiction must present a claim for "actual, presently due monetary damages from the United States." National Air Traffic Controllers Assoc. v. United States, 160 F.3d 714, 716 (Fed. Cir.

1998) (quoting United States v. King, 395 U.S. 1, 3 (1969)) (emphasis added). Nova may choose to raise its alleged defenses to the contracting officer's final decision in district court, if and when the United States pursues a claim against Eagle Management pursuant to the prime contract and Nova based upon the performance bond. However, as will be discussed below, there is no authority for Nova to preemptively sue the United States in this Court when Nova has not made any payments upon the performance bond.

B. Plaintiff's General Indemnity Agreement Does Not Invest It With A Direct Right Of Action Against The Government, Because Such A Voluntary Transfer Of Rights Is Barred By The Anti-Assignment Act

In its amended complaint, Nova alleges that it entered into a General Agreement of Indemnity ("GAI") with Eagle Management. Am. Compl. ¶ 10. The GAI voluntarily assigned to Nova all of Eagle Management's rights under any contract for which Nova issued its bonds. Id. ¶ 11. Nova argues that under the terms of the GAI, Nova has become the voluntary subrogee of Eagle Management's rights under the contract with the Coast Guard. Pl. Opp. at 13. Nova may also presume that this agreement gives it the right to appeal the contracting officer's final decision. To the extent that Nova argues that it is entitled to bring an

action against the Government based upon the rights assigned to it through the GAI, Nova is incorrect.

The assignment of claims under Government contracts is generally prohibited by what is commonly called the Anti-Assignment Act. That Act is composed of two provisions, 41 U.S.C. § 15(a) and 31 U.S.C. § 3727(a)(1), (b). See Fireman's Fund Ins. Co. v. England, 313 F.3d 1344, 1349 (Fed. Cir. 2002). Under that Act, as applicable here, the voluntary assignment of any claim against the Government, except to a financing institution, is prohibited. Accordingly, Eagle Management could not effectively voluntarily assign to Nova, via the GIA, a viable right to bring an action against the Government to enforce that assignment. This conclusion follows from the fact that "[t]he assignment by [the contractor] of 'all of their rights under the contract[]' violated the prohibition in 41 U.S.C. § 15(a) against the transfer of 'any interest' in any contract involving the United States." Fireman's Fund Ins., 313 F.3d at 1349. Thus, the only claims that Nova can bring against the United States are those claims that Eagle Management had against the Government if such claims are passed to Nova by operation of law, under equitable subrogation. This subrogation does not extend to any claim based upon rights "voluntarily" assigned by Eagle

Management to Nova via the GIA.

Nova also cannot argue that it qualifies as a "financing institution" pursuant to the exception in the Anti-Assignment Act. See 31 U.S.C. § 3727(c). The court of appeals has determined that the term "financing institution" does not include sureties.

> Fireman's Fund [a surety] is not a "financing institution." It is an insurance company writing insurance policies that protect against risks, including the furnishing to the United States government of the performance and payment bonds that the Miller Act requires for public building or public works contracts. See 40 U.S.C. § 270a (2000).

Fireman's Fund Ins., 313 F.3d at 1350. The court of appeals also noted that a binding decision of its predecessor court "held an assignment of a government contract to a surety [was] invalid under the Anti-Assignment Act because the surety was not a 'bank, trust company, or other financing institution.'" Id. (quoting Royal Indemnity Co. v. United States, 93 F. Supp. 891, 894 (Ct. Cl. 1950)). Therefore, Eagle Management's assignment of any claims or rights to Nova via the GIA is clearly barred by the Anti-Assignment Act. Nova's equitable subrogation claims will be discussed below.

## II. Plaintiff Fails To State A Claim For Equitable Subrogation Because It Seeks Prepayment Review And Did Not Provide Notice Of The Contractor's Default To The Coast Guard Before The Coast Guard's July 2003 Payment to Eagle Management

### A. A Surety Cannot Bring A Claim Based Upon Equitable Subrogation Against The Government Until It Pays Funds Pursuant To Its Performance Bond

Although a demand has been made upon Nova by the Coast Guard for payment pursuant to its performance bond, Am Comp. ¶¶ 22, 23, Nova does not allege that it has actually made payment on the performance bond. Nova instead appears to be challenging the Coast Guard's findings with respect to the prime contractor, Eagle Management, before paying anything upon the performance bond. Pl. Opp. at 14-16. This Court has held that it does not have jurisdiction to entertain a pre-payment challenge by a surety. See Fidelity & Deposit Co., 31 Fed. Cl. at 542-43.

"To bring itself within the ambit of the Tucker Act, 28 U.S.C. § 1491 (1988) (the court's basic jurisdictional statute), a government contract surety must demonstrate the existence of a contract-based right to sue [in the Court of Federal Claims]." Id. at 542. That right may rest either on the equitable doctrine of subrogation, or alternatively, upon a contract right of its own. Id. (citing Balboa Ins. Co. v. United States, 775 F.2d 1158, 1161 (Fed. Cir. 1985); Fireman's Fund Ins. Co. v. United

States, 909 F.2d 495, 500 (Fed. Cir. 1990)).

Nova does not allege that it has any independent contractual rights with the United States. Therefore, to fall within the jurisdiction of this Court, its claim must be based upon equitable subrogation. However, in order to assert a claim based upon equitable subrogation, Nova must have paid out funds pursuant to its performance bond. As this Court noted in Fidelity & Deposit Company of Maryland:

> [P]laintiff has not paid out any funds under its performance bond and therefore has no equitable basis upon which to assert the right to stand in place of the principal obligor (the default contractor). It is "when the surety . . . finances the contract to completion [that] it is subrogated to the contractor's property rights in the contract balance." . . . Not having financed the contract to completion, plaintiff cannot claim the status of a subrogee. Similarly, since plaintiff has not contracted with the Government to complete the work in its own right, it lacks any independent basis by which to satisfy the jurisdictional prerequisite to privity.

31 Fed. Cl. at 542-43 (quoting Balboa Ins., 775 F.2d at 1161). "The equitable right of subrogation arises only upon the discharge, in full, of the surety's obligations under its bond." Id. at 544 (citation omitted). Because Nova has not discharged its obligations under its performance bond, it cannot bring an

equitable subrogation claim in this Court. Accordingly, our motion to dismiss for failure to state a claim should be granted.

B. Plaintiff Fails To State A Claim Upon Which Relief Can Be Granted Because It Did Not Notify The Coast Guard Of The Prime Contractor's Default Before The July 2003 Payment Was Made

In its amended complaint, Nova alleges that the Coast Guard breached "the payment terms" of its contract with the prime contractor by paying Eagle Management $25,303.50 in July 2003 after the Coast Guard was aware that Eagle Management's painting work on the Coney Island lighthouse was defective. Am. Compl. at pgs. 3-5. Nova seeks to recover the $25,303.50 payment that the Coast Guard made to Eagle Management in July 2003. Am. Compl. ¶¶ 26-29. Nova alleges that this payment reduced the prime contract balance to $5,373.00. Id. ¶ 21. Nova argues that this payment was a "breach of contract" because the Coast Guard was already aware of the "blotches" on the lighthouse. Pl. Opp. at 9. Nova does not allege that it informed the Coast Guard prior to the July 2003 payment of Eagle Management's possible default. Instead, Nova states that it became aware of the July 2003 payment for the first time on November 26, 2004, when it received a letter from the contracting officer. Am. Compl. ¶ 20. Because Nova did not notify the Coast Guard that Eagle Management had

defaulted or was in danger of defaulting[6] under the surety bond prior to the July 2003 payment, Nova has failed to state a claim upon which relief can be granted.[7]

Equitable subrogation is allowed when the surety finances a project to completion after default by the prime contractor. Hartford Fire Ins. Co. v. United States, 40 Fed. Cl. 520, 522 (1998) (citations omitted). Recovery under equitable subrogation is limited to funds held by the Government or funds improperly disbursed to a third party, only to the amount of the contract balance. Id. (citation omitted).

> The government, however, owes the surety no equitable duty to exercise reasonable discretion in administering contract funds unless and until the surety notifies the government that the contractor has defaulted

[6] Although Nova alleges that the Coast Guard accepted the exterior painting of the Coney Island Lighthouse in January 2003, Am. Compl. ¶ 13, Pl. Opp. Ex. B, Eagle Management had a contractual duty to perform corrective work on the lighthouse pursuant to 48 C.F.R. § 52.246-12(f). The inspection clause excepts latent defects and warranty work from the finality of final acceptance. Id. § 52.246-12(i). Pursuant to 48 C.F.R. § 52.246-21, a contractor warrants that its work will be free from any defect for a period of one year from the date of final acceptance of the work. If the contractor fails to remedy the defect within a reasonable amount of time after the receipt of notice from the Government, the Government may remedy the defect at the contractor's expense. Id.

[7] Although Nova's claim for the July 2003 payment is labeled as a breach of contract, because Nova was not a party to the prime contract, defendant construes this claim to be a claim for recovery based upon equitable subrogation.

or is in danger of defaulting under the bond.

Id. at 522-23 (citing Fireman's Fund Ins., 909 F.2d at 498; Ransom v. United States, 17 Cl. Ct. 263, 272 (1989), aff'd 900 F.2d 242 (Fed. Cir. 1990)). Notice from the surety is necessary for a surety to prevail on an equitable subrogation claim. Id. at 523 (citing Fireman's Fund Ins., 909 F.2d at 498; Reliance Ins. Co. v. United States, 27 Fed. Cl. 815, 827 (1993)). Furthermore, only notice from the surety, not from subcontractors or suppliers, will trigger the Government's equitable duty to the surety. Id. (citing Fireman's Fund Ins., 909 F.2d at 499).

Nova does not allege that it provided notice to the Coast Guard that Eagle Management was not going to correct the defective painting job before the July 2003 payment. Nova fails to state a claim upon which relief can be granted with regard to its equitable subrogation claim for the July 2003 payment because "notice by the surety is a prerequisite to the existence of a governmental duty." Reliance Ins., 27 Fed. Cl. at 827 (citing Fireman's Fund Ins., 909 F.2d at 495). Therefore, even if the Coast Guard did pay Eagle Management in error, it had no equitable duty to Nova at that point. The Court should dismiss Nova's claim for the July 2003 payment to Eagle Management because Nova did not notify the Coast Guard prior to that date of

Eagle Management's possible failure to perform the corrective work.

## III. Plaintiff Cannot Recover From The Government Any Payments Made To The Subcontractor Pursuant To The Payment Bond

In its original complaint, Nova sought to recover from the United States, "the amount, if any, found to be due to Metron on its cause of action against Nova's Payment Bond no. 18271." Compl. ¶ 24.[8] In our original motion to dismiss, we argued that Nova cannot recover from the United States any amount that it is forced to pay to the subcontractor, Metron, pursuant to its payment bond. Def. Mot. at 11-17. It is unclear whether Nova still maintains a claim against the United States pursuant to the payment bond. Its amended complaint no longer contains a cause of action for recovery based upon the payment bond. However, in its response in opposition to our motion to dismiss, Nova states that "the second argument set forth by the defendant's motion to dismiss is simply incorrect, both as to the facts and the law. With respect to the assertion of lack of privity, the surety's rights in this matter do not derive from Metron, Eagle Management's subcontractor, but from Eagle Management itself."

---

[8] "Compl.__" refers to the original complaint filed with the Court on November 10, 2004.

Pl. Opp. at 11.

To the extent that Nova still seeks to recover from the United States any amount that it may be required to pay to Metron pursuant to the payment bond, we rely upon the argument set forth in our original motion to dismiss stating that there is no basis to sue the Government based upon a payment bond. See Def. Mot. at 11-17.

## IV. The Judicial Review Procedures In The CDA Replaced The Wunderlich Act For Contracts With Executive Agencies Formed After The Effective Date Of The CDA

In its opposition to our motion to dismiss, Nova argues that the Wunderlich Act, 41 U.S.C. § 321, gives this Court jurisdiction to review claims arising out of the contract between Eagle Management and the Coast Guard. Pl. Opp. at 17-18. Nova states that the "legislative purpose of the Wunderlich Act was to ensure adequate judicial review of administrative decisions on claims arising out of government contracts also subject to the Contract Disputes Act of 1978." Id. at 18. Nova also contends that the Fifth Amendment's Due Process Clause entitles it to a forum in which to be heard upon the merits of its dispute with the Coast Guard. Id. at 18-19.

Both parties agree that the contract between the Coast Guard and Eagle Management is subject to the CDA. Am. Compl. ¶ 5. The

Wunderlich Act did govern review of executive agency contracts entered into before the CDA went into effect. Burnside-Ott Aviation Training Ctr. v. Dalton, 107 F.3d 854, 857 n.1 (Fed. Cir. 1997). The review procedures set forth in the Wunderlich Act, 41 U.S.C. §§ 321, 322, are still applied today in cases with contracts involving legislative agencies such as the Government Printing Office ("GPO"). Fry Communications, Inc. v. United States, 22 Cl. Ct. 497, 502 (1991). However, the CDA governs the judicial review procedures for contracts entered into with executive agencies. Oroville-Tonasket Irrigation Dist. v. United States, 33 Fed. Cl. 14, 21 (1991). "[T]he law of government contracts was changed considerably by the Contract Disputes Act of 1978 . . . which was enacted on November 1, 1978, and under section 16 of the act . . . became effective 120 days later." G&H Machinery v. United States, 7 Cl. Ct. 199, 201 (1985).

It is undisputed that the Coast Guard is an executive agency. See 14 U.S.C. § 1; 10 U.S.C. § 111; 6 U.S.C. § 111. It is also undisputed that the contract dated September 6, 2001 between the Coast Guard and Eagle Management is governed by the CDA. Therefore, Nova's argument regarding the Wunderlich Act is inapplicable.

With no contract or equitable subrogation claim upon which

to base this Court's jurisdiction, Nova's Fifth Amendment argument also must fail. It is well settled that, absent an independent basis for an award of damages, an alleged violation of the constitutional guarantee by the Fifth Amendment of due process does not result in Court of Federal Claims jurisdiction. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997).

## CONCLUSION

Because Nova's amended complaint does not allege that it is a contractor in privity with the United States and its assignment of rights from Eagle Management is barred by the Anti-Assignment Act, Nova fails to state a claim for monetary damages that are presently due and payable. Because Nova's amended complaint seeks pre-payment review of the Coast Guard's claim upon the performance bond and does not allege that it provided notice to the Coast Guard prior to the July 2003 payment to the Eagle Management, it fails to state a claim for equitable subrogation. For these reasons, we respectfully request the Court to grant our motion to dismiss the amended complaint pursuant to RCFC 12(b)(1) and 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner for
James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 307-1011

Attorneys for Defendant

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
2100 2nd Street, S.W.
Washington, DC 20593-0001

May 13, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT AND REPLY IN SUPPORT OF MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad