Case 1:04-cv-01665-CFL Document 20-4 Filed 08/15/2005 Page 1 of 15

Contracting Officer in time to allow a determination before submission of offers. The offeror shall include the information and applicable supporting data required by paragraphs (c) and (d) of the clause at FAR 52.225-9 in the request. If an offeror has not requested a determination regarding the inapplicability of the Buy American Act or Balance of Payments Program before submitting its offer, or has not received a response to a previous request, the offeror shall include the information and supporting data in the offer.

(c) *Evaluation of offers.* (1) the Government will evaluate an offer requesting exception to the requirements of the Buy American Act or Balance of Payments Program based on claimed unreasonable cost of domestic construction material, by adding to the offered price the appropriate percentage of the cost of such foreign construction material, as specified in paragraph (b)(3)(i) of the clause at FAR 52.225-9.

(2) If evaluation results in a tie between an offeror that requested the substitution of foreign construction material based on unreasonable cost and an offeror that did not request an exception, the Contracting Officer will award to the offeror that did not request an exception based on unreasonable cost.

(d) *Alternate offers.* (1) When an offer includes foreign construction material not listed by the Government in the solicitation in paragraph (b)(2) of the clause at FAR 52.225-9, the offeror also may submit an alternate offer based on use of equivalent domestic construction material.

(2) If an alternate offer is submitted, the offeror shall submit a separate Standard Form (SF) 1442 for the alternate offer, and a separate price comparison table prepared in accordance with paragraphs (c) and (d) of the clause at FAR 52.225-9 for the offer that is based on the use of any foreign construction material for which the Government has not yet determined an exception applies.

(3) If the Government determines that a particular exception requested in accordance with paragraph (c) of the clause at FAR 52.225-9 does not apply, the Government will evaluate only those offers based on use of the equivalent domestic construction material, and the offeror shall be required to furnish such domestic construction material. An offer based on use of the foreign construction material for which an exception was requested --

(i) Will be rejected as nonresponsive if this acquisition is conducted by sealed bidding; or,

(ii) May be accepted if revised during negotiations.

***Alternate I (Feb 2000)*** As prescribed in 25.1102(b)(2), substitute the following paragraph (b) for paragraph (b) of the basic provision:

(b) *Requests for determinations of inapplicability.* An offeror requesting a determination regarding the inapplicability of the Buy American Act or Balance of Payments Program shall submit the request with its offer, including the information and applicable supporting data required by paragraphs (c) and (d) of the clause at FAR 52.225-9.

## K.13 RECOVERED MATERIAL CERTIFICATION (FAR 52.223-4) (OCT 1997)

As required by the Resource Conservation and Recovery Act of 1976 (42 USC 6962(c)(3)(A)(i), the offeror certifies, by signing this offer, that the percentage of recovered materials to be used in the performance of the contract will be at least the amount required by the applicable contract specifications.

## K.14 CERTIFICATION OF TOXIC CHEMICAL RELEASE REPORTING (FAR 52.223-13) (OCT 2000)

(a) Submission of this certification is a prerequisite for making or entering into this contract imposed by Executive Order 12969, August 8, 1995.
(b) By signing this offer, the offeror certifies that--
(1) As the owner or operator of facilities that will be used in the performance of this contract that are subject to the filing and reporting requirements described in section 313 of the Emergency Planning and Community Right-to-Know Act of 1986 (EPCRA) (42 U.S.C. 11023) and section 6607 of the Pollution Prevention Act of 1990 (PPA) (42 U.S.C. 13106), the offeror will file and continue to file for such facilities for the life of the contract the Toxic Chemical Release Inventory Form (Form R) as described in sections 313(a) and (g) of EPCRA and section 6607 of PPA; or
(2) None of its owned or operated facilities to be used in the performance of this contract is subject to the Form R filing and reporting requirements because each such facility is exempt for at least one of the following reasons:
[***Check each block that is applicable.***]
[ X ] (i) The facility does not manufacture, process, or otherwise use any toxic chemicals listed under section 313(c) of EPCRA, 42 U.S.C. 11023(c);
[ X ] (ii) The facility does not have 10 or more full-time employees as specified in section 313(b)(1)(A) of EPCRA, 42 U.S.C. 11023(b)(1)(A);
[ X ] (iii) The facility does not meet the reporting thresholds of toxic chemicals established under section 313(f) of EPCRA, 42 U.S.C. 11023(f) (including the alternate thresholds at 40 CFR 372.27, provided an appropriate certification form has been filed with EPA);
[ X ] (iv) The facility does not fall within Standard Industrial Classification Code (SIC) major groups 20 through 39 or their corresponding North American Industry Classification System (NAICS) sectors 31 through 33; or
[ X ] (v) The facility is not located within any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the United States Virgin Islands, the Northern Mariana Islands, or any other territory or possession over which the United States has jurisdiction.

## K.15 REMOVAL OR DISPOSAL OF HAZARDOUS SUBSTANCES – APPLICABLE LICENSES AND PERMITS (TAR 1252.223-70) (Dec 1997)

The Contractor certifies that it has [ ], does not have [X], all licenses and permits required by Federal, state and local laws to perform hazardous substance(s) removal or disposal services. If the Contractor does not currently possess these documents, it hereby certifies that it will obtain all requisite licenses and permits within 60 days after date of award. The Contractor shall provide evidence of said documents to the Contracting Officer or designated Government representative prior to commencement of work under the contract.

# SECTION L
# INSTRUCTIONS, CONDITIONS, AND NOTICES TO OFFERORS

## L.1 SOLICITATION PROVISIONS INCORPORATED BY REFERENCE (FAR 52.252-1) (JUN 1988)

This solicitation incorporates one or more solicitation provisions by reference, with the same force and effect as if they were given in full text. Upon request, the Contracting Officer will make their full text available. The offeror is cautioned that the listed provisions may include blocks that must be completed by the offeror and submitted with its quotation or offer. In lieu of submitting the full text of those provisions, the offeror may identify the provision by aragraph identifier and provide the appropriate information with its quotation or offer. Also, the full text of a solicitation provision may be accessed electronically at this address: http://www.arnet.gov/far

| | | |
|---|---|---|
| 52.214-1 | Solicitation Definitions - Sealed Bidding | JUL 1987 |
| 52.214-3 | Amendments to Invitations for Bids | DEC 1989 |
| 52.214-4 | False Statements in Bids | APR 1984 |
| 52.214-5 | Submission of Bids | MAR 1997 |
| 52.214-6 | Explanation to Prospective Bidders | APR 1984 |
| 52.214-7 | Late Submissions, Modifications, and Withdrawals of Bid | NOV 1999 |
| 52.214-9 | Failure to Submit Bid | JUL 1995 |
| 52.214-18 | Preparation of Bids - Construction | APR 1984 |
| 52.214-19 | Contract Award - Sealed Bidding - Construction | AUG 1996 |
| 52.214-34 | Submission of Offers in the English Language | APR 1991 |
| 52.214-35 | Submission of Offers in U.S. Currency | APR 1991 |

**L.2 DATA UNIVERSAL NUMBERING SYSTEM (DUNS) NUMBER (FAR 52.204-6) (JUN 1999)**

a) The offeror shall enter, in the block with its name and address on the cover page of its offer, the annotation "DUNS" followed by the DUNS number that identifies the offeror's name and address exactly as stated in the offer. The DUNS number is a nine-digit number assigned by Dun and Bradstreet Information Services.
(b) If the offeror does not have a DUNS number, it should contact Dun and Bradstreet directly to obtain one. A DUNS number will be provided immediately by telephone at no charge to the offeror. For information on obtaining a DUNS number, the offeror, if located within the United States, should call Dun and Bradstreet at 1-800-333-0505. The offeror should be prepared to provide the following information:
(1) Company name.
(2) Company address.
(3) Company telephone number.
(4) Line of business.
(5) Chief executive officer/key manager.
(6) Date the company was started.
(7) Number of people employed by the company.
(8) Company affiliation.
(c) Offerors located outside the United States may obtain the location and phone number of the local Dun and Bradstreet Information Services office from the Internet home page at http://www.customerservice@dnb.com. If an offeror is unable to locate a local service center, it may send an e-mail to Dun and Bradstreet at globalinfo@mail.dnb.com.

(End of provision)

**L.3 AVAILABILITY OF SPECIFICATIONS LISTED IN THE GSA INDEX OF FEDERAL SPECIFICATIONS, STANDARDS AND COMMERCIAL ITEM DESCRIPTIONS, FPMR Part 101-29 (FAR 52.211-1) (AUG 1998)**

(a) The GSA Index of Federal Specifications, Standards and Commercial Item Descriptions, FPMR Part 101-29, and copies of specifications, standards, and commercial item descriptions cited in this solicitation may be obtained for a fee by submitting a request to--

GSA Federal Supply Service
Specifications Section, Suite 8100
470 East L'Enfant Plaza, SW
Washington, DC 20407
Telephone (202) 619-8925
Facsimile (202) 619-8978

(b) If the General Services Administration, Department of Agriculture, or Department of Veterans Affairs issued this solicitation, a single copy of specifications, standards, and commercial item descriptions cited in this solicitation may be obtained free of charge by submitting a request to the addressee in paragraph (a) of this provision. Additional copies will be issued for a fee.

L.4 AVAILABILITY OF SPECIFICATIONS LISTED IN THE DoD INDEX OF SPECIFICATIONAND STANDARDS (DoDISS) AND DESCRIPTIONS LISTED IN THE ACQUISITION MANAGEMENT SYSTEMS AND DATA REQUIREMENTS CONTROL LIST, DOD 5010.12-L (FAR 52.211-2) (DEC 1999)

Copies of specifications, standards, and data item descriptions cited in this solicitation may be obtained --

(a) From the ASSIST database via the Internet at http://assist.daps.mil ; or

(b) By submitting a request to the--

Department of Defense Single Stock Point (DoDSSP), Building 4, Section D
700 Robbins Avenue, Philadelphia, PA 19111-5094
Telephone (215) 697-2667/2179
Facsimile (215) 697-1462.

**L.5 AVAILABILITY OF SPECIFICATIONS NOT LISTED IN THE GSA INDEX OF FEDERAL SPECIFICATIONS, STANDARDS AND COMMERCIAL ITEM DESCRIPTIONS (FAR 52.211-3) (JUN 1988)**

The specifications cited in this solicitation may be obtained from:

Referenced specifications may be obtained from the sponsoring organization listed in the specification package. The request should identify the solicitation number and the specification requested by date, title, and number, as cited in the solicitation.

**L.6 TYPE OF CONTRACT (FAR 52.216-1) (APR 1984)**

The Government contemplates award of a ***firm fixed price*** contract resulting from this solicitation.

**L.7 SERVICE OF PROTEST (FAR 52.233-2) (AUG 1996)**

(a) Protests, as defined in section 33.101 of the Federal Acquisition Regulation, that are filed directly with an agency, and copies of any protests that are filed with the General Accounting Office (GAO), shall be served on the Contracting Officer by obtaining written and dated acknowledgment of receipt from Contracting Officer, CEU Providence, 311 Battery Road, Staten Island, NY 10305.

(b) The copy of any protest shall be received in the office designated above within one day of filing a protest with GAO.

**L.8 SITE VISIT (CONSTRUCTION) (FAR 52.236-27) (FEB 1995) w/ALTERNATE I (FEB 1995)**

(a) The clauses at 52.236-2, "*Differing Site Conditions*," and 52.236-3, Site "*Investigation and Conditions Affecting the Work*," will be included in any contract awarded as a result of this solicitation. Accordingly, offerors or quoters are urged and expected to inspect the site where work will be performed. b) **Organized site visits have been scheduled for 10 and 17 May 2001. Please refer to Page 3 for further details.**

**L.9 NOTICE OF PREAWARD SURVEY**

(a) Offerors are advised that the Government may contact potential contractors to ascertain their capabilities to perform the work specified in this solicitation. In addition to financial statements and credit rating checks, the Government may visit a prospective contractor's facility(s). Areas of interest on this survey may include, but are not limited to the following:

(1) performance plans.
(2) quality assurance and control plans.
(3) personal recruitment and training plans.
(4) workload factors for manpower utilization.
(5) management plan for handling peak workloads.
(6) production capability.
 (i) plant facilities, equipment, and labor resources.
 (ii) purchasing and subcontracting.
 (iii)performance record and ability to meet delivery schedules.

(b) Offerors are advised that accomplishment of this survey is a part of the evaluation process and is not be construed as an indication that an offeror will receive or is in the best position to receive the resultant award.

**L.10 Construction Cost Estimate**: For purposes of disclosing the size of this construction project, offerors are advised that **it is estimated between $100,000 and $250,000.**

**L.11 NOTICE TO OFFERORS**

It is the policy of the Coast Guard to issue solicitations and make contract awards in a fair and timely manner. To further this policy the Commandant has created the position of Solicitation Ombudsman who is empowered to investigate issues raised by prospective offerors and resolve them, where posssible, without expensive and time consuming litigation.

Potential offerors who feel that a Coast Guard solicitation is unfair or otherwise defective should first direct their concerns to the cognizant Contracting Officer. If the Contracting Officer is unable to satisfy their concerns, the offeror should then contact the Coast Guard Solicitation Ombudsman at the following address:

Commandant (G-CPM-s/3)
2100 Second St. SW
Washington, DC 20593
Tel # (202) 267-2285
Fax # (202) 267-4011

Potential offerors should provide the following information to the Ombudsman in order to ensure a timely response:

solicitation number, Contracting Office, Contracting Officer and solicitation closing date.

## SECTION M
## EVALUATION FACTORS FOR AWARD

**Award shall be made to the lowest responsive responsible bidder in accordance with FAR Clause 52.214-19.**







# PAYMENT BOND

(See instructions on Page 2.)

DATE BOND EXECUTED (Must be same or later than date of contract): 9.12.01

FORM APPROVED OMB N 9000-0045

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, includ suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405; and to the Office of Management and Budget, Paperv luction Project (9000-0045), Washington, D.C. 20503.

PRINCIPAL (Legal name and business address)

Eagle Management Enterprises, Inc.
22-57 77th Street
East Elmhurst, NY 11370

TYPE OF ORGANIZATION ("X" one)

- [ ] INDIVIDUAL
- [ ] PARTNERSHIP
- [ ] JOINT VENTURE
- [X] CORPORATION

STATE OF INCORPORATION: NY

SURETY(IES) (Name(s) and business address(es))

NOVA Casualty Co.
180 Oak Street
Buffalo, NY 14203

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| | 138 | 000 | . |

CONTRACT DATE:

CONTRACT NO.: PSN 01-P4464

Contract # DTCGG1-01
C-3WK143

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payme of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties a corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of tl sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

NDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of tl Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this performance bond and affixed their seals on the above date.

PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | John Vakalopoulos President | | | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) & TITLE(S) (Typed) | | |

CORPORATE SURETY(IES)

| SURETY | | | | | |
|---|---|---|---|---|---|
| NAME & ADDRESS | NOVA Casualty Co., 180 Oak St., Buffalo, NY 14203 | STATE OF INC. NY | LIABILITY LIMIT 2,000,000 | | Corporate Seal |
| SIGNATURE(S) | 1. Matthew Clarke | 2. | | | |
| NAME(S) & TITLE(S) (Typed) | Matthew Clarke, Atty in Fact | | | | |

Previous edition not usable

EXPIRATION DATE: 12-31-92

STANDARD FORM 25-A (REV. 1-90)
Prescribed by GSA - FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) (Continued)

| | | | | | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

| BOND PREMIUM | RATE PER THOUSAND | TOTAL |
|---|---|---|
| | $ | $ |

INSTRUCTIONS

1. This form is authorized for use in connection with Government contracts. Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where more than one cr ate surety is involved their names and addresses shall ap in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form insert only the letter identification c the sureties.

(b) Where individual sureties are involved, a complete Affidavit of Individual Surety (Standard Form 28), for eac individual surety, shall accompany the bond. The Government ma require the surety to furnish additional substantiating informatio concerning its financial capability.

4. Corporations executing the bond shall affix their corporat seals. Individuals shall execute the bond opposite the wor "Corporate Seal", and shall affix an adhesive seal if executed i Maine, New Hampshire, or any other jurisdiction requiring adhesiv seals.

5. Type the name and title of each person signing this bond i the space provided.

☆ U.S.G.P.O.: 1990-262-081/20035

STANDARD FORM 25 (REV. 1-90) BACK

ACKNOWLEDGEMENT OF PRINCIPAL, IF A CORPORATION

STATE OF NEW YORK ) ss:
COUNTY OF Nassau )

On the 14th day of Sept. '01 in the year ~~19~~____, before me personally came John Vakalopoulou to me known, who, being by me duly sworn, did depose and say that (s)he resides at Queens, NY, that (s)he is the President of Eagle Mgt. Ent. Inc., the corporation described in and which executed the above instrument; and that (s)he signed her/his name thereto by order of the Board of Directors of said corporation.

THEODORE A. TRITARIS
Notary Public, State of New York
No. 30-4718451
Qualified in Nassau County
Term Expires March 30, 20 02

Notary Public

ACKNOWLEDGEMENT OF PRINCIPAL, IF A PARTNERSHIP

STATE OF __________)ss:
COUNTY OF __________)

On the ____ day of __________ in the year 19____, before me personally came __________, to me known and known to me to be a member of the firm __________, described in and who executed the foregoing instrument, and (s)he duly acknowledged to me that (s)he executed the same for and in behalf of said firm for the uses and purpose mentioned therein.

Notary Public

ACKNOWLEDGEMENT OF PRINCIPAL, IF AN INDIVIDUAL

STATE OF __________) ss:
COUNTY OF __________)

On the ____ day of __________ in the year 19____, before me personally came __________, to me known and known to me to be the person described in and who executed the foregoing instrument and (s)he duly acknowledged that (s)he executed the same.

Notary Public

Acknowledgement Of Surety

State of N.Y.

County of Nassau

On this 11th day of Sept. in the Year of Our Lord 2001, before me personally came Maurkas Clark to me known, who being duly sworn, did depose and say that he resides in the City of New York, And that he is Attorney in Fact of the Nova Casualty Co., The corporation described in and which executed the above instrument; and that he signed his name thereto by order of the Board of Directors of the said corporation.

THEODORE A. TRITARIS
Notary Public, State of New York
No. 30-4718451
Qualified in Nassau County
Term Expires March 30, 2002

Notary Public

NOVA
NOVA CASUALTY COMPANY
180 Oak Street
Buffalo, New York 14203-1610

# STATEMENT OF FINANCIAL CONDITION

I certify that the following officers have been elected by the Board of Directors of NOVA Casualty Company and still remain in office:

| | |
|---|---|
| NORMAN F. ERNST, JR. | CHAIRMAN |
| HARSHA ACHARYA | PRESIDENT |
| CHRISTOPHER C. HOOVER | VICE PRESIDENT, TREASURER |
| EUGENE WAHLSTROM | VICE PRESIDENT |
| WILLIAM D. SHELDON | VICE PRESIDENT |
| ROBERT L. FRAILEY | ASSISTANT VICE PRESIDENT |
| JAMES W. HOOPER | ASSISTANT VICE PRESIDENT |
| PATRICIA A. NOLAN | ASSISTANT VICE PRESIDENT, SECRETARY |
| ROSEMARY BRAVETTI | ASSISTANT VICE PRESIDENT, ASSISTANT SECRETARY |
| STUART CAPERS | ASSISTANT VICE PRESIDENT |

I further certify that the following statement of the Company is true as taken from the records of said Company as of December 31, 1999:

## ASSETS

**Cash and Invested Assets:**

| | |
|---|---|
| Cash | $ (1,204,167) |
| Bonds | 23,767,797 |
| Preferred Stocks | 406,242 |
| Common Stocks | 1,411,186 |
| Short Term Investments | 2,293,479 |
| Interest & Dividends Due and Accrued | 408,658 |
| | $ 27,083,195 |

**Other Assets:**

| | |
|---|---|
| Premiums and Agents Balances, Net | $ 525,879 |
| Receivables from Parent | 3,567,389 |
| Reinsurance Recoverable | 425,598 |
| Contingent Commission Receivable | 2,575,733 |
| Equipment, Net | 225,918 |
| Total Admitted Assets | $ 34,403,712 |

## LIABILITIES AND POLICYHOLDERS SURPLUS

**Liabilities:**

| | |
|---|---|
| Losses | $ 11,798,988 |
| Loss Adjustment Expenses | 935,278 |
| Unearned Premiums | 10,670,071 |
| Taxes, Licenses and Fees | 221,846 |
| Federal Income Taxes | 170,000 |
| Aggregate Write-Ins for Liabilities | 57,546 |
| Other Liabilities | 436,683 |
| | $ 24,290,412 |
| Policyholders Surplus | $10,113,300 |
| Total Liabilities and Policyholders Surplus | $ 34,403,712 |

STATE OF NEW YORK }
COUNTY OF ERIE } SS:

I, Patricia A. Nolan, Secretary of NOVA Casualty Company, a New York Corporation, do hereby certify that the foregoing is a full, true and correct copy of the Balance Sheet of said Corporation as of December 31, 1999.

In witness whereof, I have hereunto set my hand and affixed the seal of said Corporation at Buffalo, NY this 15th day of February, 2000.

NOVA CASUALTY COMPANY CORPORATE SEAL NEW YORK

Patricia A. Nolan
Secretary

STATE OF NEW YORK }
COUNTY OF ERIE } SS:

Subscribed and Sworn to before me
on this 15th day of February, 2000

Linda Coniglio

My Commission Expires, September 28, 2000

NOVA
NOVA CASUALTY COMPANY

180 Oak Street
Buffalo, New York 14203-1610
(716) 856-3722

# POWER OF ATTORNEY

No. 18273

**Know all men by these Presents,** that the **NOVA CASUALTY COMPANY**, a corporation of the State of New York, having its principal offices in the City of Buffalo, New York, does make, constitute and appoint

*****MATTHEW CLARKE*****

its true and lawful Attorney(s)-in-fact, to make, execute, seal and deliver for and on its behalf, as surety, and as its act and deed, any and all bonds, undertakings and contracts of suretyship, provided that no bond or undertaking or contract of suretyship executed under this authority shall exceed in amount the sum of

*****NOT TO EXCEED $250,000.00*****

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of **NOVA CASUALTY COMPANY** at a meeting duly called and held on the 18th day October, 1993:

"RESOLVED, that the President, and Vice President, the Secretary or Treasurer, acting individually or otherwise, be and they hereby are granted the power and authorization to appoint by a Power of Attorney for the purposes only of executing and attesting bonds and undertakings, and other writings obligatory in the nature thereof, one or more resident vice-presidents, assistant secretaries and attorney(s)-in-fact, each appointee to have the powers and duties usual to such offices to the business of this company: the signature of such officers and seal of the Company may be affixed to any such power of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company, and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking or other writing obligatory in the nature thereof to which it is attached. Any such appointment may be revoked, for cause, or without cause, by any of said officers, at any time."

In Witness Whereof, the NOVA CASUALTY COMPANY has caused these presents to be signed by its officer undersigned and its corporate seal to be hereto affixed duly attested by its Secretary, this 21st day of October, 1993.

Attest:

**NOVA CASUALTY COMPANY**

Harsha Acharya

Harsha Acharya, Secretary

NOVA CASUALTY COMPANY CORPORATE SEAL NEW YORK

Norman F. Ernst

Norman F. Ernst, President

STATE OF NEW YORK }
COUNTY OF ERIE }

On the 21st day of October, 1993, before me personally came Norman F. Ernst, to me known, who being by me duly sworn, did depose and say: that he resides in the County of Erie, State of New York; that he is the President of NOVA CASUALTY COMPANY, the corporation described in and which executed the above instrument; that he knows the seal of the said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation and that he signed his name thereto by like order.

STATE OF NEW YORK }
COUNTY OF ERIE }

STATE OF NEW YORK KATHLEEN A. COURTNEY NOTARY PUBLIC

Kathleen A. Courtney

Kathleen A. Courtney
**Notary Public, Erie Co., NY**
**My Commission Expires July 25, 1994**

CERTIFICATE

I, the undersigned, duly elected to the office stated below, now the incumbent in NOVA CASUALTY COMPANY, a New York Corporation, authorized to make this certificate, DO HEREBY CERTIFY that the foregoing attached Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors set forth in the Power of Attorney is now in force.

Signed and Sealed at the City of Buffalo. Dated the day of , 20

NOVA CASUALTY COMPANY CORPORATE SEAL NEW YORK

H C Hoover

H. Christopher Hoover, Treasurer



This power is valid only if the power of attorney number printed in the upper right hand corner appears in red. Photocopies, carbon copies or other reproductions are not binding on the company. Inquiries concerning this power of attorney may be directed to the Bond Manager at the Home Office of the Nova Casualty Company.

U.S. Department of Homeland Security
United States Coast Guard

Contracting Officer
United States Coast Guard
Civil Eng. Unit/Providence

311 Battery Road
Staten Island, NY 10305
Staff Symbol:
Phone: ( 718 ) 354-4017
FAX: ( 718 ) 354-4365

VIA FEDERAL EXPRESS
AIRBILL #839756838466

4330
11/18/03

Eagle Management Enterprises, Inc.
Attn: Mr. Panos Vikatos
21-33 72nd Street
East Elmhurst, NY 11370

RE: Contract DTCGG1-01-C-3WK143
Interior & Exterior Painting of USCG
Coney Island Light, Brooklyn, NY

## CURE NOTICE

Gentlemen:

By letters dated 27 June and 2 July 2003 you were apprised of serious deficiencies in the exterior painting of the subject Light Tower. The deficiencies noted were large areas or "blotches" of off white color extending from the base of the structure all the way up to and including the lantern house. The Light Tower had a two-tone appearance that was not apparent during the Coast Guard's previous site visits. On 30 June 2003 a joint meeting was held at the site with representatives from your firm, the Coast Guard and the paint manufacturer. The paint manufacturer's representative could not offer a definitive explanation for the unsightly appearance of the Light Tower although he did suggest that it might have been caused by contaminated or improperly mixed paint. You obviously agreed that the paint job was deficient because you admitted in your 30 June 2003 letter that the Light Tower was "damaged" and at the 30 June 2003 meeting you offered to repaint the entire lower third of the tower to see if that would cure the defect. If that remedy proved satisfactory, you advised Lt. Helge that you would then proceed with the repainting of the entire structure. My 2 July 2003 letter summarized the 30 June 2003 meeting as well as the Coast Guard's position concerning the need to correct the defects. At the conclusion of that letter I asked that you submit a Progress Schedule as well as an explanation of how you intended to perform the corrective repairs.

By letter dated 17 July 2003 you advised that it was your intent to only re-paint the "affected areas" in contradiction to your previous statement to Lt. Helge. In my 18 and 22 July 2003 letters I advised that if your were able to cure the defects by painting only the affected areas, that would be fine with the Coast Guard provided that the results were satisfactory. If the result was another two-tone structure, that would not be acceptable to the Coast Guard and you were advised that the method of repair would be your choice and your responsibility. In my 22 July 2003 letter you were requested to furnish additional information concerning the proposed repair as well as a revised Progress Schedule. In your 31 July 2003 written response you re-iterated your intention to correct the defective work although you did not submit a revised Progress Schedule presumably because you desired to have a meeting to discuss the outstanding change order

caused by the change in the paint used on the project. Subsequent to this letter you advised that you would be on vacation until 25 August 2003.

On 20 October 2003 I sent a fax to your office requesting that a meeting be held on 30 October 2003 to discuss your plans for returning to the site and I also requested that you bring all your records and documentation to support any increased costs caused by the change in the paint. At previous meetings your documentation was lacking. In response, your Mr. John Vakalopoulos telephonically advised that your representatives would attend the meeting. On 29 October 2003 the Coast Guard Inspector, Mr. Johnson and I visited the site. The two-tone condition had gotten worse. Where before there was an off white appearance, the blotches now were a distinct gray in color. Unfortunately no one from your firm attended the 30 October 2003 meeting and no communication has been received to date explaining your absence.

Because of your failure to attend the proposed 30 October 2003 meeting or offer a reason for your absence, I am concerned that you do not intend to correct the defective painting. The contract clause entitled “Inspection of Construction” (FAR 52.246-12) provides that where a Contractor does not promptly correct rejected work the Government may by contract or otherwise correct the work and charge the cost to the Contractor or the Government may terminate for default the Contractor’s right to proceed. Pending a final decision in this matter, it will be necessary to determine whether you intend to perform the corrective work. Accordingly you are hereby afforded the opportunity to confirm in writing within Ten (10) calendar days after receipt of this notice that you intend to perform the repairs. Your failure to present an affirmative response may be taken as an admission that you do not intend to perform the repairs. Your attention is directed to the aforementioned “Inspection” Clause as well as the contract "Default" clause and the rights & liabilities of both parties in the event that a decision is made to either terminate the contract for default and/or have the work performed by others with the costs charged to your account. Your liability includes but is not limited to the costs of reprocurement and associated administrative costs.

If you advise in writing that you do intend to perform the repairs, you are also requested to present a detailed work plan and Progress Schedule within fifteen calendar days later.

Because of their potential liability I am forwarding copies of this letter to your surety.

Sincerely,

JOHN O'BOYLE
CONTRACTING OFFICER

Cc: Nova Casualty Co.
180 Oak St.
Buffalo, NY 14203

U.S. Department of Homeland Security
United States Coast Guard

Contracting Officer
United States Coast Guard
Civil Eng. Unit/Providence

311 Battery Road
Staten Island, NY 10305
Staff Symbol:
Phone: ( 718 ) 354-4017
FAX: ( 718 ) 354-4365

VIA CERTIFIED MAIL #P373077006
RETURN RECEIPT REQUESTED

4330
11/24/03

Eagle Management Enterprises, Inc.
21-33 72nd Street
East Elmhurst, NY 11370

RE: Contract DTCGG1-01-C-3WK143
Interior & Exterior Painting of USCG
Coney Island Light, Brooklyn, NY

Gentlemen:

Attached herewith is a letter dated 18 November 2003 that was previously sent via Fedex but was not delivered because according to FedEx "Customer not available or Business closed". Because of their potential liability I am also forwarding a copy of this letter to your surety.

Sincerely,

JOHN O'BOYLE
CONTRACTING OFFICER

Encl: (1) Coast Guard Letter dated 18 November 2003 (copy)

Cc: Nova Casualty Co.
180 Oak St.
Buffalo, NY 14203
W/enclosure