UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED,
Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES, INC., and
NOVA CASUALTY COMPANY,
Defendants.

------------------------------------------------------------------X

Stipulation of
Settlement

Case No: 03 Civ. 1952
(CSP) (clp)

WHEREAS, on or about September 12, 2001, defendant Nova Casualty Company ("Nova") as surety, issued a payment bond at the request of Eagle Management Enterprises, Inc. ("Eagle"), as Principal, for the benefit of the United States of America, as obligee, in the penal sum of $138,000.00, assuring payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for the furnishing of labor, material or both in the prosecution of the work provided for in Contract Number PSN01-P4464 ("Contract"), between Eagle and the United States Coast Guard, and

WHEREAS, plaintiff Metron Environmental Limited, ("Metron"), by the United States of America for the use and benefit of Metron, commenced the within suit against Eagle for amounts due to Metron for labor and material allegedly furnished in the performance of the Contract, and

WHEREAS, plaintiff Metron Environmental Limited, ("Metron"), by the United States of America for the use and benefit of Metron, alleged a cause of action against the payment bond issued by Nova for amounts due to Metron for labor and material allegedly furnished to Eagle in the performance of the Contract, and

WHEREAS, Nova has asserted offsets to the claim by Metron by reason of claims against surety bonds issued Nova for Metron including, but not limited to, a claim by the Trustees of the Mason Tenders District Council Welfare Fund, et al., against a surety bond issued by Nova in favor of the Trustees of the Mason Tenders District Council Welfare Fund, et al.,at the request of Metron, and

WHEREAS, Metron and Nova have agreed to settle the claim by Metron against Nova's payment bond upon the terms and conditions set forth herein in order to avoid incurring additional fees and expenses in this litigation, and in order to resolve the liabilities between them due to bonds issued by Nova for Metron,

NOW, THEREFORE, IT IS mutually understood and agreed as follows:

1. In full and final settlement of Metron's claim against Nova as set forth in its complaint, Nova agrees to pay, and Metron agrees to accept, the sum of $58,000.00, less the sum of $15,000.00 that Metron acknowledges is due and owing by Metron to the Trustees of the Mason Tenders District Council Welfare Fund, et al., for unpaid union fringe benefits.

2. Two (2) payments shall be issued by Nova, the first in the sum of $43,000.00 made payable to and delivered to Rabinowitz and Galina, Esqs., 94 Willis Avenue, Mineola, NY 11501, as attorneys for Metron Environmental Limited, and the second in the sum of $15,000.00 made payable to and delivered to Proskauer Rose LLP, 1585 Broadway, New York, NY 10036, as attorneys for the Trustees of the Mason Tenders District Council Welfare Fund, et al., in full satisfaction of the aforesaid claim by the Trustees of the Mason Tenders District Council Welfare Fund, et al., against Nova bond No. 113514 issued for Metron, as principal, in favor of the Trustees of the Mason Tenders District Council Welfare Fund, et al., as obligee.

3. Upon delivery of the aforesaid payments, Metron shall provide to Nova a duly executed Release and Assignment of Claim, which shall release and forever discharge Nova, as surety, and its successor and assigns, from any and all claims, demands and causes of action whatsoever arising from or relating to Metron's claims against Nova's payment bonds issued for the Contract, and which shall assign Metron's rights against Eagle on the Contract to Nova.

4. It is specifically understood and agreed by the parties hereto, and by their attorneys, that the settlement between them is not, and shall not be deemed to be, an admission of liability with respect to the assertion by the owner, the United States Coast Guard, that the painting of the Coney Island Lighthouse by Metron was in any way defectively performed. It is the position of Metron that its work on the Coney Island Lighthouse was performed in accordance with the Contract Plans and Specifications, including, but not limited to, the specifications of the paint manufacturer, and that any allegations of defects as to Metron's performance of work on the Contract are expressly denied.

5. Any and all notices or other communications required or permitted to be given with respect to the provisions of this stipulation shall be sufficient if in writing and shall be deemed to have been duly given upon the faxing and mailing thereof by first class mail, or upon the mailing thereof by overnight mail, addressed to the parties at the addresses set forth below, or at such other address as any party may specify by written notice to the other parties to this matter:

For Plaintiff Metron:
Rabinowitz and Galina, Esqs.
94 Willis Avenue
Mineola, NY 11501
(516) 739-8222

For Nova:
Neil B. Connelly, Esq.
99 Church Street, 4th Floor
White Plains, NY 10601
(914) 328-4100

6. This stipulation supercedes all prior discussions between the parties hereto and constitutes the entire agreement of the parties hereto with respect to the subject matter hereof. No provision of this stipulation shall be modified, amended, extended, discharged, terminated or waived except by a writing specifically referring to this stipulation and signed by all of the parties hereto, and thereafter so ordered by the court.

7. Subject to the approval of this court, the court shall retain jurisdiction of the action for the purpose of enforcing this stipulation of settlement.

8. Each party to this stipulation hereby acknowledges that they are authorized to enter into, execute, deliver, and implement this stipulation.

9. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same stipulation.

Dated: August ___, 2005

______________________________
Rabinowitz and Galina, Esqs.
Attorneys for Plaintiff
Metron Environmental Limited

______________________________
Neil B. Connelly,
Attorney for Defendant
Nova Casualty Company

SO ORDERED:

______________________________

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED,
Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES, INC., and
NOVA CASUALTY COMPANY,
Defendants.

---------------------------------------------------------------------X

Stipulation
Discontinuing Action

Case No.:
03 Civ. 1952 (CSP) (clp)

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record of all the parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is discontinued with prejudice, without costs to either party as against the other. This Stipulation may be filed without further notice with the Clerk of the Court.

_______________________
Michael M. Rabinowitz, Esq.
Rabinowitz & Galina, Esqs. (MR-5654)
Attorneys for Plaintiff
94 Willis Avenue
Mineola, NY 11501
(516) 739-8222

_______________________
Leonard J. Catanzaro,Esq. (LC-8451)
Attorney for Defendant
Eagle Management Enterprises, Inc
434 Broadway, Suite 900
New York, NY 10013
(212) 226-1234

_______________________
Neil B. Connelly (NC-9976)
Attorney for Defendant
Nova Casualty Company
99 Church St., 4th Floor
White Plains, NY 10601
(914) 328-4100

SO ORDERED:

_______________________

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

UNITED STATES OF AMERICA EX REL
METRON ENVIRONMENTAL LIMITED,
Plaintiff,

-against-

EAGLE MANAGEMENT ENTERPRISES, INC., and
NOVA CASUALTY COMPANY,
Defendants.

-----------------------------------------------------------------X

Stipulation
Discontinuing Action

Case No.:
03 Civ. 1952 (CSP) (clp)

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record of all the parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above entitled action be, and the same hereby is discontinued with prejudice, without costs to either party as against the other. This Stipulation may be filed without further notice with the Clerk of the Court.

Michael M. Rabinowitz, Esq.
Rabinowitz & Galina, Esqs. (MR-5654)
Attorneys for Plaintiff
94 Willis Avenue
Mineola, NY 11501
(516) 739-8222

Leonard J. Catanzaro,Esq. (LC-8451)
Attorney for Defendant
Eagle Management Enterprises, Inc
434 Broadway, Suite 900
New York, NY 10013
(212) 226-1234

Neil B. Connelly

Neil B. Connelly (NC-9976)
Attorney for Defendant
Nova Casualty Company
99 Church St., 4th Floor
White Plains, NY 10601
(914) 328-4100

SO ORDERED:

______________________________