IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, Plaintiff, | ) | |
| v. | ) | No. 04-1665C (Judge Lettow) |
| THE UNITED STATES, Defendant. | ) | |

PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW THE COMPLAINT AND AMENDED COMPLAINT PURSUANT TO RULE 41 (a)(2) OF THE RULES OF THE COURT OF FEDERAL CLAIMS ("RCFC")

NEIL B. CONNELLY, ESQ,
99 CHURCH STREET, 4TH FLOOR
WHITE PLAINS, NY 10601
(914) 328-4100

ATTORNEY FOR PLAINTIFF

Electronically filed
February 7, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
-------------------------------------------------------------------X
NOVA CASUALTY COMPANY,

No. 04-1665C

Plaintiff,

**(JUDGE LETTOW)**

-against-

THE UNITED STATES,

Electronically Filed

Defendant.
-------------------------------------------------------------------X

ATTORNEY'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW THE COMPLAINT AND AMENDED COMPLAINT PURSUANT TO RULE 41 (a)(2) OF THE RULES OF THE COURT OF FEDERAL CLAIMS ("RCFC")

NEIL B. CONNELLY, ESQ., being duly sworn, deposes and says as follows:

1. I am the attorney for the plaintiff Nova Casualty Company ("Nova"), in the above-entitled action, and am fully familiar with all of the pleadings and proceedings heretofore had herein.

2. I make this affirmation in support of Nova's motion, pursuant to Rule 41(a)(2) of the RCFC, for leave to withdraw the complaint and amended complaint, without prejudice.

3. The original complaint and amended complaint allege causes of action for indemnification and breach of contract arising from a procurement contract for painting of the Coney Island Lightower in Brooklyn, NY between the United States Coast Guard and Nova's principal, Eagle Management Enterprises, Inc. ("Eagle"). As required by the Miller Act, Nova issued a payment bond and a performance bond at Eagle's request for the benefit of the United States.

4. This action was originally commenced on November 10, 2004.

5. Thereafter, on April 8, 2005 Nova electronically filed an amended complaint.

6. At this time, no answer or motion for summary judgment have been served by defendant, the United States Coast Guard ("United States"), with respect to either the original complaint or amended complaint.

7. While under Rule 41(a)(1) of the RCFC, Nova may, as of right, withdraw its complaint prior to the service of an answer or of a motion for summary judgment, Nova elects to withdraw its complaint and amended complaint pursuant to Rule 41(a)(2) of the RCFC.

8. The sole reason why Nova is withdrawing the complaint and amended complaint at this time is because the amount in controversy does not justify the expenditure of attorney's fees and court costs that will be incurred in pursing this litigation.

9. Nova seeks leave of court to withdraw the complaint and amended complaint without prejudice because a notice of dismissal under Rule 41(a)(1) of the RCFC may operate as an adjudication on the merits when, as in this case, a plaintiff has once withdrawn a complaint in any court of the United States, which is based upon the same claim.

10. On October 28, 2004, Nova withdrew its third-party complaint against the United States in the Eastern District of New York, which involved the same facts and circumstances as the instant case, because of jurisdictional issues raised by the United States' attorney.

11. There still remains a potential claim under the performance bond issued by Nova for the use and benefit of defendant, the United States, as obligee, and which is the subject of this action.

12. In the event that defendant, the United States, commences suit against Nova for failure to complete the work and/or reimburse the United States for money it allegedly expended in completing the work after Eagle was defaulted, Nova will be prejudiced if it cannot raise affirmative defenses. One such affirmative defense is that the Contracting Officer abused his

discretion by approving and remitting payment to Eagle subsequent to the Coast Guard's discovery of the Lighthouse's blotchy appearance.

13. Based upon the foregoing, Nova respectfully requests leave of court, pursuant to Rule 41(a)(2) of the RCFC to withdraw its complaint and amended complaint, without prejudice.

**WHEREFORE,** the Plaintiff Nova Casualty Company respectfully pays for an order dismissing, without prejudice, the original and amended complaints and for such other and further relief as the court deems proper.

Dated: February 7, 2006
White Plains, NY

AFFIRMED

s/ Neil B. Connelly
Neil B. Connelly

Attorney for Plaintiff

CERTIFICATE OF SERVICE

I herby certify that on this 7th day of February, 2006, a copy of the foregoing "PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW THE COMPLAINT AND AMENDED COMPLAINT PURSUANT TO RULE 41 (a)(2) OF THE RULES OF THE COURT OF FEDERAL CLAIMS ("RCFC")" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Neil B. Connelly