IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY, Plaintiff, | |
| v. | No. 04-1665C (Judge Lettow) |
| THE UNITED STATES, Defendant. | |

DEFENDANT’S RESPONSE IN OPPOSITION TO PLAINTIFF’S MOTION FOR LEAVE TO WITHDRAW, OR IN THE ALTERNATIVE, MOTION TO VACATE THE JANUARY 12, 2006 OPINION AND ORDER OF THIS COURT

In response to plaintiff’s motion for leave to withdraw its complaint without prejudice pursuant to Rule 41(a)(2) of the Rules of the United States Court of Federal Claims (“RCFC”), defendant, the United States, respectfully submits this response in opposition to plaintiff’s motion. In the alternative, defendant respectfully moves to vacate the January 12, 2006 opinion and order of this Court pursuant to RCFC 60(b). In support of this response and motion, defendant relies upon the following memorandum of law.

Memorandum of Law

Issues Presented

1. Whether this Court should grant leave to plaintiff to withdraw its complaint in this matter when such a withdrawal precludes the possibility of any appeal from this Court’s January 12, 2006 published opinion and order.

2. Whether this Court’s opinion and order of January 12, 2006

in this matter should be vacated because plaintiff's voluntary withdraw of its complaint deprives defendant of the right to appeal that decision.

## Statement Of The Case

### I. Nature Of The Case

Plaintiff, Nova Casualty Company ("Nova") moves to withdraw its complaint and amended complaint in this matter because it believes that the amount in controversy does not justify the expenditure of attorney's fees and court costs that will be incurred in pursuing this litigation. Pl. Mot. at 2.[1] Nova asks for the dismissal to be without prejudice because there still remains a potential claim upon the performance bond, and Nova may be prejudiced if it cannot raise affirmative defenses to any claim filed by the United States. Id.

### II. Statment Of Facts

Plaintiff Nova, a surety, issued performance and payment bonds on a contract between the United States Coast Guard ("Coast Guard") and the prime contractor, Eagle Management Enterprises, Inc. ("Eagle"). In its original complaint, filed on November 10, 2004, Nova sought to obtain the balance due to Eagle from the Coast Guard and demanded a declaratory judgment in its favor discharging it from liability under the payment bond. The

---

[1] "Pl. Mot. __" refers to plaintiff's motion for leave to withdraw the complaint and amended complaint pursuant to RCFC 41(a)(2), filed with the Court on February 7, 2006.

Government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to RCFC 12(b)(1) and 12(b)(6). In response, Nova filed an amended complaint on April 8, 2005. In its amended complaint, Nova asserted two new claims, challenging a progress payment made by the Government to Eagle in July 2003 as being improper and appealing a decision by the Contracting Officer to assess a claim against Nova, as the surety for Eagle, under the performance bond. Nova paid two subcontractors pursuant to the payment bond, but has not made a payment pursuant to the performance bond. Nova Cas. Co. v. United States, No. 04-1665C, slip op. at 5 (Fed. Cl. Jan. 12, 2006). The Government filed a second motion to dismiss the amended complaint pursuant to RCFC 12(b)(1) and 12(b)(6).

The Court held a hearing on the Government's motions on July 27, 2005. At the conclusion of the hearing, the Court ordered the parties to file supplemental materials and briefs. Both parties complied with the Court's order, and on January 12, 2006, the Court issued a published decision granting-in-part and denying-in-part defendant's motions. Nova Cas. Co. v. United States, __ Fed. Cl. __, 2006 WL 75272 (Fed. Cl. Jan. 12, 2006).

Nova now moves to withdraw its complaint and amended complaint in this matter without prejudice.

## Summary Of The Argument

We object to the voluntary dismissal of this action because

a voluntary dismissal by the plaintiff would effectively prevent the Government from appealing the published opinion and order of January 12, 2006, with which it disagrees. However, we do not object to the voluntary dismissal of this action if the January 12, 2006 order and opinion is vacated. The Court's opinion on defendant's motions to dismiss should be vacated because Nova's unilateral action would effectively deprive the Government from seeking appellate review of that decision. The United States has not entered into a settlement agreement and has not taken any voluntary action to moot this controversy. Under the circumstances, the Court should vacate its opinion and order of January 12, 2006.

## Argument

### I. Plaintiff Should Not Be Permitted To Withdraw Its Amended Complaint Without Prejudice And Effectively Deny Defendant's Right To Appeal The Court's Decision On Defendant's Dispositive Motion

#### A. Standard Of Review

The decision whether to grant or deny a motion for voluntary dismissal lies within the sound discretion of this Court. Whyde v. United States, 51 Fed. Cl. 635, 637 (2002) (citing D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996); Deuterium Corp. v. United States, 21 Cl. Ct. 132, 134 (1990)). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Id. (quoting Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987)).

The effect of a dismissal without prejudice is to place the plaintiff in the same legal position it would have been if it had never brought the suit. Standard Space Platforms Corp. v. United States, 38 Fed. Cl. 461, 467 (1997) (citation omitted) (emphasis in original). When considering a motion to voluntarily dismiss, the Court "must keep uppermost in mind the effected interests of the defendant, because it is its position which must be protected." Id. Some of the facts justifying denial of dismissal without prejudice include excessive delay and lack of diligence upon the part of the plaintiff in prosecuting the action, insufficient explanation of the need for dismissal, and using dismissal to deprive defendant of a ruling on a dispositive motion. Id. at 469 (citing Deuterium, 21 Cl. Ct. at 135).

B. Plaintiff's Motion To Withdraw Prejudices Defendant

Although the Government has only filed motions to dismiss in response to Nova's complaints, Nova's voluntary dismissal of its case at this point would prejudice the Government. There has been a published decision from this Court concerning the Government's dispositive motions, granting-in-part and denying-in-part those motions. That decision is not directly appealable because it is not a final order. See Catlin v. United States, 324 U.S. 229, 233 (1945) (noting that a final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). This Court's January 12, 2006 decision ordered the United States to answer the amended

complaint and the parties to participate in a status conference with the Court on plaintiff's remaining payment bond claim. Nova Cas. Co., slip. op. at 19-20. The voluntary dismissal of Nova's complaints without prejudice will effectively deprive the Government of a right to seek appeal of that decision. Furthermore, the voluntary dismissal of Nova's complaint without prejudice will place Nova in the same position as if it had never filed the lawsuit. Standard Space, 38 Fed. Cl. at 467. However, this Court's January 12, 2006 published decision would still be citable as precedent and the Government could not challenge that decision.

The Government does not object to the voluntary dismissal of Nova's complaints without prejudice if the January 12, 2006 published opinion and order of this Court is vacated, as will be discussed below.

## II. Defendant's Motion To Vacate

### A. Standard Of Review

RCFC 60(b) generally permits the Court of Federal Claims to vacate its orders. Reidell v. United States, 47 Fed. Cl. 209, 211 (2000). RCFC 60(b) states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (5) . . . it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

RCFC 60(b). A motion for RCFC 60(b) relief is "extraordinary" and is granted according to the Court's discretion. Vessels v. Sec'y of the Dep't of Health & Human Servs., 65 Fed. Cl. 563, 568 (2005) (citing Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988)) (additional citation omitted). Generally, the movant must show exceptional circumstances for the Court to grant relief, although the Federal Circuit has noted that, as "a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing substantial justice." Id. (quoting Patton v. Sec'y of the Dep't of Health & Human Servs., 25 F.3d 1021, 1030 (Fed. Cir. 1994)). The granting of RCFC 60(b) should be the exception, rather than the rule. Id.

B. Because Plaintiff's Motion To Withdraw Its Complaint Effectively Prevents Defendant From Appealing The January 12, 2006 Opinion And Order Of This Court, That Opinion And Order Should Be Vacated

Nova has moved to voluntarily dismiss its case pursuant to RCFC 41(a)(2). If the Court grants Nova's motion pursuant to RCFC 41(a)(2), we respectfully request the Court to also vacate its opinion and order of January 12, 2006 in this matter.

"In deciding whether to use its discretion to vacate its own order, this Court is guided by the practices of other courts, especially appellate courts." Reidell, 47 Fed. Cl. at 211. The Supreme Court addressed the issue of vacatur in U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18 (1994). In

at least one decision, this Court has chosen to look to that case for guidance upon the issue of vacatur. See Reidell, 47 Fed. Cl. at 211.

In Bancorp, the Supreme Court held that mootness by reason of settlement does not justify vacatur of the court of appeals judgment under review. Bancorp, 513 U.S. at 29. The Supreme Court noted that vacatur must be decreed for those judgments whose review is "prevented through happenstance." Id. at 23 (quoting United States v. Munsingwear, 340 U.S. 36 (1950)). In other words, vacatur is appropriate where a controversy presented for review has "become moot due to circumstances unattributable to any of the parties." Id. (quoting Karcher v. May, 484 U.S. 72, 82-83 (1987)). The Supreme Court also noted that vacatur should be granted when mootness results from the unilateral action of the party who prevailed below. Id. at 25 (citations omitted) (emphasis added). The principal condition to which the Supreme Court has looked in vacatur decisions is whether the party seeking relief from the voluntary action below caused the mootness by voluntary action. Id. at 24 (citing United States v. Hamburg-Amerikanische Packetfahrt-Actien Gesellschaft, 239 U.S. 466, 478 (1916)). "A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." Id. at 25 (citing Hamburg-Amerikansiche, 239 U.S. at 477-78). Based upon this analysis, the Supreme Court determined

that where mootness results from a settlement agreement, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal, "thereby surrendering his claim to the equitable review of vacatur." Id. Despite this conclusion, the Supreme Court held that vacatur may still be possible in the case of a settlement agreement where "exceptional circumstances" counsel in favor of such a course. Id. at 29.

In the present case, the parties did not enter into a settlement agreement. Nova has unilaterally moved to dismiss the case without prejudice. The United States would be deprived of an opportunity to seek an appeal from the Court's opinion on its motions to dismiss because of the unilateral action of Nova.

Furthermore, the Government may be affected by its inability to appeal this Court's January 12, 2006 opinion. The Court's January 12, 2006 opinion may have an effect outside this litigation. The United States is currently litigating multiple payment bond cases, which may rely upon the Court's opinion of January 12, 2006.[2] The opinion may also encourage additional payment bond litigation against the United States.

If Nova's unilateral motion to dismiss this action is

---

[2] Those cases include: Mountbatten Surety Co. v. United States, No. 02-1228C (Fed. Cl.); Gulf Insurance Co. v. United States, No. 03-626C (Fed. Cl.); Commercial Casualty Insurance Co. v. United States, No. 03-2033 (Fed. Cl.); National American Insurance Co. v. United States, No. 04-1390C (Fed. Cl.); Capitol Indemnity Corp. v. United States, No. 04-1478C (Fed. Cl.); Cincinnati Insurance Co. v. United States, No. 05-751C (Fed. Cl.).

granted, the United States will be prevented from appealing the Court's January 12, 2006 decision, with which it disagrees. Pursuant to the reasoning set forth by the Supreme Court in Bancorp that recommends vacatur when mootness results from the unilateral action of a prevailing party, the Court should only grant Nova's motion pursuant to RCFC 41(a)(2) after it vacates its opinion of January 12, 2006.

## Conclusion

For these reasons, defendant respectfully requests that the Court deny plaintiff's motion to voluntarily dismiss this action pursuant to RCFC 41(a)(2). In the alternative, defendant respectfully requests that the Court vacate its published order and opinion of January 12, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7562
Facsimile: (202) 305-7643

electronically filed
February 10, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW, OR IN THE ALTERNATIVE, MOTION TO VACATE THE JANUARY 12, 2006 OPINION AND ORDER OF THIS COURT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad