IN THE UNITED STATES COURT OF FEDERAL CLAIMS

-------------------------------------------------------------------X

NOVA CASUALTY COMPANY,

Plaintiff,

-against-

THE UNITED STATES,

Defendant.

-------------------------------------------------------------------X

No. 04-1665C

**(JUDGE LETTOW)**

Electronically Filed

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE THE JANUARY 12, 2006 OPINION AND ORDER OF THIS COURT

Defendant, the United States, opposes the motion by plaintiff, Nova Casualty Company ("Nova") for leave to withdraw its complaint without prejudice soley because the United States disagrees with this court's January 12, 2006 opinion and order. In fact, the Government has not truly submitted any opposition to Nova's motion, but simply argues that it will not have an opportunity to appeal this court's January 12, 2006 opinion in this litigation. Since this court's January 12, 2006 opinion is not binding in any other pending litigation in the United States Court of Federal Claims, the Government is not precluded from continuing to assert jurisdictional defenses against the rights of a payment bond surety. The absence of prejudice to the Government is clear. This court should grant Nova's motion for leave to withdraw its complaint without prejudice, and should deny the Government's cross-motion to vacate Judge Lettow's January 12, 2006 opinion and order.

## Litigation Background

The nature of this case and the underlying facts have been set forth in the motion papers already filed by Nova and the United States on the motion and cross-motion. There have been no new developments as to either the nature of the case or the underlying facts and, for sake of brevity, those matters will not be repeated herein.

## Argument

### The Government Has Failed To Demonstrate That It Will Be Prejudiced By The Granting Of Plaintiff's Motion.

Nova filed its motion for leave to withdraw its complaint for a very basic business reason. The amount in controversy (less than $10,000.00) does not justify incurring the attorney's fees necessary to pursue Nova's rights. The Government does not contest the validity of Nova's business rationale. Moreover, the Government does not argue with Nova's position that to withdraw the complaint with prejudice will be unfair to Nova because it would prevent Nova from raising affirmative defenses to potential claims by the Government. The litigation conducted so far in the underlying dispute has yet to reach a stage where issue has been joined, so there is no sound basis for denying Nova the right to present its defenses if the Government later chooses to pursue a performance bond claim against Nova.

The cases cited by the Government reaffirm that "the purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987); *Deuterium Corp. v. United States*, 21 Cl. Ct. 132, 134 (1990). In fact, the Government aptly cites to cases setting forth the proposition that denial of dismissal without prejudice is likely where there exists excessive delay and lack of diligence upon the part of the plaintiff in prosecuting the action, insufficient explanation of the need for dismissal, and use of dismissal as a means to deprive defendant of a ruling on a dispositive motion. *Standard Space Platforms Corp. v. United States*, 38 Fed. Cl. 461, 467 (1997); *Deuterium*, 21 Cl. Ct. at 135. None of those circumstances are present in this case.

Here, the Government cannot be said to be unfairly effected if this court grants plaintiff leave to withdraw the complaint without prejudice. There has been no excessive delay or lack of diligence upon Nova's part in prosecuting this action. The action was commenced by the filing and service of a complaint. Shortly thereafter, the Government filed a motion to dismiss the complaint, leading to the filing of an amended complaint by Nova, and subsequent motion practice. Following oral argument, Judge Lettow's January 12, 2006 opinion and order granted in part and denied in part the Government's jurisdictional motions. That ruling also effectively reduced the amount in controversy to less than $10,000.00. Nova, in the exercise of its discretion, sought leave to withdraw its complaint without prejudice.

Nova's reason for requesting dismissal is completely sufficient and is based upon a basic cost-benefit analysis. The amount in controversy simply does not justify the large expenditure Nova would be required to make for attorney's fees and related costs of

litigation. Finally, Nova's motion for leave to withdraw the complaint without prejudice does not deprive the Government of a ruling on a dispositive motion. Although the Government disagrees, in part, with Judge Lettow's January 12, 2006 opinion and order, (as does Nova), the opinion serves as a ruling on the Government's motion to dismiss.

Nova's motion to withdraw does not prejudice the Government and the Government's argument fails to proffer any valid evidence of prejudice. The sole reason put forth by the Government for opposing Nova's motion is the Government's dissatisfaction with this court's January 12, 2006 opinion, and the fact that the opinion is not appealable if this court grant's Nova's motion for leave to withdraw. It should be noted that neither party was completely satisfied with the court's opinion. Nova specifically disagrees with that portion of the court's decision that prevented Nova from contesting the unilateral decision by the contracting officer in the construction project below that was based, in Nova's opinion, upon no facts whatsoever. However, despite the fact that the opinion has been published, it has no binding effect on other actions before the United States Court of Federal Claims. The opinion is merely persuasive authority because it is issued by a trial court and only an opinion of a higher court will serve as binding legal precedent that a trial court must follow.

<u>The Government's Motion to Vacate This Court's January 12, 2006 Opinion and Order Should Be Denied.</u>

The Government has failed to show the existence of exceptional circumstances that would warrant this court vacating its order. Its position is that this court's opinion

may have a persuasive effect on other payment bond cases currently being litigated, and may somehow encourage additional payment bond litigation against the United States. This assertion is tenuous at best. Although other courts may look to Judge Lettow's opinion for guidance, the opinion is not binding upon any other Judge in the United States Court of Federal Claims. The Government, by its own admission, is currently litigating at least six (6) other cases involving payment bond disputes, and has raised the same jurisdictional arguments in each of those cases. The United States can file an appeal from an opinion or order in any of those cases that either follows this court's January 12, 2006 opinion and order, or which reaches a similar result on the Government's jurisdictional defenses. It would indeed be prejudicial to constrain Nova to continue this litigation based upon the Government's speculation that Judge Lettow's opinion may be followed by other courts.

In support of its argument in favor of vacating this court's January 12, 2006 opinion and order, the Government relies upon the Supreme Court decision in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S.18 (1994). In *Bancorp*, the Court agreed that vacatur is justified when mootness results from the unilateral action of the prevailing party. The *Bancorp* proposition cannot be applied to the instant case. As noted above, the court's January 12, 2006 opinion and order granted in part and denied in part the Government's motion to dismiss Nova's complaint. Neither party was completely satisfied with the court's opinion, nor can either be considered the prevailing party. Because Nova is not the prevailing party with respect to the motion to dismiss and cross-motion, vacatur is not proper.

## Conclusion

Based upon the foregoing, plaintiff respectfully requests that this court grant its motion for leave to withdraw the complaint with prejudice and deny the Government's motion to vacate the January 12, 2006 opinion and order.

Electronically Filed: February 27, 2006

s/ Neil B. Connelly
Neil B. Connelly
Attorney for Plaintiff
Nova Casualty Company
99 Church Street,
White Plains, New York 10601
914-328-4100

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2006, a copy of the "PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO VACATE THE JANUARY 12, 2006 OPINION AND ORDER OF THIS COURT" was electronically filed with the U.S. Court of Federal Claims. I understand that notice of this filing will be sent to all parties through the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

s/ Neil B. Connelly