IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOVA CASUALTY COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-1665C
(Judge Lettow)

DEFENDANT'S ANSWER

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's introduction constitute plaintiff's characterization of its case, to which no answer is required.

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

JURISDICTION AND VENUE[1]

3. Admits that a contract exists between the United States Coast Guard ("Coast Guard") and Eagle Management Enterprises

[1] The amended complaint includes various headings. We do not believe that a response to these headings is necessary or appropriate. Should the Court conclude that a response is required, defendant responds that these headings constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

("Eagle Management") numbered DTCGG1-01-c-3WK143 ("the prime contract"), and that said contract is subject to the Miller Act, 40 U.S.C. § 3133 et seq.; further admits that plaintiff issued payment and performance bonds for the benefit of the United States as obligee as a condition of this procurement contract. The remainder of the allegations contained in paragraph 3 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 relate to a matter dismissed by the Court, by order dated January 12, 2006, and therefore, no further response is required.

5. Admits.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

VENUE

7. The allegations contained in paragraph 7 constitute a request for the situs of any hearing; a request which is premature, and therefore, no response is required.

FACTUAL BACKGROUND

8. Admits the allegations contained in paragraph 8 to the extent supported by the cited prime contract, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the prime contract, payment and performance bonds cited; which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 to the extent supported by the General Agreement of Indemnity cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 for lack of knowledge of information sufficient to form a belief as to their truth.

13. Admits the allegations contained in paragraph 13 that, on January 14, 2003, the Coast Guard contracting officer sent a letter to Eagle Management regarding the status of the work completed and remaining to be completed on the prime contract; that letter is the best evidence of its contents; denies the remainder of the allegations contained in paragraph 13.

14. Admits.

15. Admits the allegations contained in paragraph 15 that Metron Environmental Limited ("Metron") filed a lawsuit against

Eagle Management and plaintiff in the United States District Court for the Eastern District of New York on April 23, 2003, Civil Action No. CV-03-1954. Denies the remainder of the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations in paragraph 16 to the extent supported by the contracting officer's final decision, dated February 17, 2004, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations in paragraph 17 to the extent supported by the contracting officer's final decision, dated February 17, 2004, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations in paragraph 18 to the extent supported by the contracting officer's final decision, dated February 17, 2004, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 that, on October 8, 2004, the Coast Guard contracting officer sent a letter to plaintiff and plaintiff's counsel; that letter is the best evidence of its contents; denies the remainder of the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 that, on November 26, 2004, the Coast Guard contracting officer sent a

letter to plaintiff's counsel, and that letter is the best evidence of its contents; denies the remainder of the allegations contained in paragraph 20.

21. Admits that two partial payments were made to Eagle Management in July 2003 in the total amount of $34,607, and no further partial payments were made to Eagle Management after that date; avers that there were five partial payments made to Eagle Management in the net amount of $132,627, leaving a contract balance of $5,373; otherwise, denies the allegations contained in paragraph 21.

22. Admits.

23. Admits the allegations in paragraph 23 to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations in paragraph 24 to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Denies the allegations in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

AS AND FOR A FIRST CAUSE OF ACTION

26. Defendant's responses to paragraphs 1 through 25 of the

amended complaint are incorporated by reference.

27. Denies.

28. Denies.

29. Denies.

AS AND FOR AN APPEAL FROM THE COAST GUARD'S
FEBRUARY 14, 2005 CONTRACTING OFFICER'S FINAL DECISION

30. Defendant's responses to paragraphs 1 through 25, and 27 through 29 of the amended complaint are incorporated by reference.

31. The allegations contained in paragraph 31 relate to a matter dismissed by the Court, by order dated January 12, 2006, and therefore, no further response is required.

32. Admits the allegations contained in paragraph 32 that, on January 14, 2003, the Coast Guard contracting officer sent a letter to Eagle Management regarding the status of the work completed and remaining to be completed on the prime contract; that letter is the best evidence of its contents; denies the remainder of the allegations contained in paragraph 32.

33. Admits the allegations in paragraph 33 to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed

allegations of fact, they are admitted to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise they are denied.

35. The allegations contained in paragraph 35 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise they are denied.

36. The allegations contained in paragraph 36 constitute plaintiff's characterization of its case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 relate to a matter dismissed by the Court, by order dated January 12, 2006, and therefore, no further response is required.

38. Admits the allegations in paragraph 38 to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 constitute plaintiff's characterization of its case and conclusions of law,

to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the contracting officer's final decision, dated February 14, 2005, which is the best evidence of its contents; otherwise they are denied.

40. The allegations contained in paragraph 40 relate to a matter dismissed by the Court, by order dated January 12, 2006, and therefore, no further response is required.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella
JAMES M. KINSELLA
Deputy Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit,
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7562
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

ISAAC JOHNSON, JR.
Office of Procurement Law
United States Coast Guard

electronically filed
March 24, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2006, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad