**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NOVA CASUALTY COMPANY, Plaintiff, v. THE UNITED STATES, Defendant. | No. 04-1665C (Judge Lettow) |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

BRIAN M. SIMKIN
Assistant Director

DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 305-7562
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
Washington, DC 20593-0001

electronically filed
July 28, 2006

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . ii

DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . 1

DEFENDANT'S BRIEF . . . . . . . . . . 1

I. The Coast Guard's July 2003 Progress Payment Was Not Arbitrary And Capricious Under Either The Campbell Plastics / McDonnell Douglas Test Or The More Appropriate Balboa Test . . . . . . . . . . 2

II. The Coast Guard's July 2003 Progress Payment Was Not Arbitrary And Capricious; The Authorities Relied Upon By Nova Do Not Provide An Adequate Basis Of Law To Hold The Coast Guard Liable . . . . . . . . . . 6

III. This Court's Earlier Decision Precludes Nova's Challenge To The Contracting Officer's Final Decisions Of February 17, 2004 and February 14, 2005; In The Alternative, Nova Cannot Raise A New Claim In Its Motion For Summary Judgment That Was Not Contained In Its Amended Complaint . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . 11

## TABLE OF AUTHORITIES

CASES

Page

Aviation Enterprises, Inc. v. United States,
8 Cl. Ct. 1, 20 (1985) . . . . . . . . . . 5

Balboa Insurance Co. v. United States,
775 F.2d 1158 (Fed. Cir. 1985) . . . . . . . . . . 2, 3, 4

Burroughs Corp. v. United States,
617 F.2d 590 (Ct. Cl. 1980) . . . . . . . . . . 5

Campbell Plastics v. Brownlee,
389 F.3d 1243 (Fed. Cir. 2004) . . . . . . . . . . 3, 4, 5

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . 11

Fireman's Fund Insurance Co. v. United States,
909 F.2d 495 (Fed. Cir. 1990) . . . . . . . . . . 8

Fleming v. Lind-Waldock & Co.,
922 F.2d 20 (1st Cir.1990) . . . . . . . . . . 10

GAF Corp. v. United States,
932 F.2d 947 (Fed. Cir. 1991) . . . . . . . . . . 6

Keco Industries, Inc. v. United States,
492 F.2d 1200 (Ct. Cl. 1974) . . . . . . . . . . 3, 5

Kinetic Structures Corp. v. United States,
6 Cl. Ct. 387, 400 (1984) . . . . . . . . . . 5

McDonnell Douglas Corp. v. United States,
182 F.3d 1319 (Fed. Cir. 1999) . . . . . . . . . . 3, 4, 5

National Surety Corp. v. United States,
118 F.3d 1542 (Fed. Cir. 1997) . . . . . . . . . . 7

Nova Casualty Co. v. United States,
69 Fed. Cl. 284 (2006) . . . . . . . . . . 5, 7, 10

On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer,
386 F.3d 1133 (Fed. Cir. 2004) . . . . . . . . . . 10

Technical Assistance Int'l, Inc. v. United States,
150 F.3d 1369 (Fed. Cir. 1998) . . . . . . . . . . 6

Transamerica Premier Ins. Co. v. United States,
32 Fed. Cl. 308 (1994) . . . . . . . . . . 7

United States Fid. & Guar. Co. v. United States,
676 F.2d 622 (Ct. Cl. 1982) . . . . . . . . . . 3

Wasco Products, Inc. v. Southwall Technologies, Inc.,
435 F.3d 989 (9th Cir. 2006) . . . . . . . . . . 10

STATUTES

41 U.S.C. § 601 . . . . . . . . . . 9

41 U.S.C. § 606 . . . . . . . . . . 10

41 U.S.C. § 609 . . . . . . . . . . 10

REGULATIONS

48 C.F.R. § 52-232-5(b) (May, 1997) . . . . . . . . . . 3

48 C.F.R. § 52.232-5(e) (May, 1997) . . . . . . . . . . 5

MISCELLANEOUS

Restatement (Third), Suretyship & Guar. § 37 (1996) . . . . . . . . . . 6

Restatement (Third), Suretyship & Guar. § 42 (1996) . . . . . . . . . . 6, 7, 8

U.C.C. § 3-605(e) (1995) . . . . . . . . . . 6

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-1665C |
| | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(h) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response in opposition to plaintiff's cross-motion for summary judgment, filed with the Court on June 30, 2006. In support of this response, we rely upon the joint stipulation of facts filed in this matter, defendant's motion for summary judgment, and the following memorandum of law.

DEFENDANT'S BRIEF

As we demonstrated in our cross-motion for summary judgment filed June 30, 2006 ("Def. Mot."), the progress payment of $25,303.50 that the Unites States Coast Guard ("Coast Guard") paid to Eagle Management Enterprises ("Eagle") in July 2003 neither violated a contractual or equitable duty running from the Coast Guard to the plaintiff, Nova Casualty Company ("Nova"), the surety that issued bonds on the contract between the Coast Guard and Eagle, nor did it impair Nova's suretyship. Nova did not give notice to the Coast Guard of

Eagle's potential default, so the Coast Guard's duty to protect Nova's interests had not been triggered. Def. Mot. at 8-11. Moreover, issuing the progress payment did not amount to an abuse of discretion under Balboa Insurance Co. v. United States, 775 F.2d 1158 (Fed. Cir. 1985), and so did not give rise to an independent claim for damages against the Coast Guard. Def. Mot. at 11-21. Finally, because the payment did not increase the amount of risk that Nova voluntarily accepted when it bonded the contract, the payment did not materially harm Nova and therefore did not impair Nova's suretyship. Def. Mot. at 21-22. For these reasons, we respectfully requested that the Court grant summary judgment in favor of the Government. Def. Mot. at 22.

In its cross-motion for summary judgment filed June 30, 2006 ("Pl. Mot."), Nova presents three arguments to support its position that the Government should nonetheless be held liable for impairment of suretyship. First, it argues that the payment was arbitrary and capricious, Pl. Mot. at 7-8; second, that the improper payment impaired Nova's suretyship under principles outlined in the Restatement (Third), Suretyship and Guaranty, Pl. Mot. at 8-11; and third, that the contracting officer abused his discretion in his final decision dated February 14, 2005, which determined that the defects in the exterior painting of the light tower were the result of Eagle's poor workmanship, Pl. Mot. at 12-19. As we demonstrate below, none of these three arguments provides a sufficient foundation to hold the Government liable for impairment of Nova's suretyship.

## I. The Coast Guard's July 2003 Progress Payment Was Not Arbitrary And Capricious Under Either The Campbell Plastics / McDonnell Douglas Test Or The More Appropriate Balboa Test

In its cross-motion for summary judgment, Nova argues that the contracting officer abused his discretion by making the July 2003 progress payment to Eagle. Pt. Mot. at 8. Nova

points to a four-factor test endorsed by the United States Court of Appeals for the Federal Circuit in both Campbell Plastics v. Brownlee, 389 F.3d 1243, 1250 (Fed. Cir. 2004) and McDonnell Douglas Corp. v. United States, 182 F.3d 1319, 1326 (Fed. Cir. 1999): (1) whether the contracting officer acted with subjective bad faith; (2) whether the contracting officer had a reasonable, contract-related basis for his decision; (3) the amount of discretion given to the contracting officer; and (4) whether the contracting officer violated a statute or regulation. See Pl. Mot. at 8. According to Nova, because the July 2003 progress payment violated FAR § 52.232-5(b), 48 C.F.R. § 52-232-5(b) (May, 1997), which was incorporated into the contract between the Coast Guard and Eagle, JSF ¶ 4,[1] factor four should be determinative in establishing the Government's abuse of discretion. Pl.'s Mot. at 8.

Nova's reliance upon the Campbell Plastics / McDonnell Douglas test is misplaced. Three decades ago, the United States Court of Claims "stress[ed] the possibility of separate rules for separate classes of [abuse of discretion] problems" in the context of Government contracts, warning that "[t]here may well be no one umbrella rule or principle for all [abuse of discretion] cases." Keco Industries, Inc. v. United States, 492 F.2d 1200, 1206 (Ct. Cl. 1974). Neither Campbell Plastics (patent dispute) nor McDonnell Douglas (determination of contractor default) applied the test in question to a contested progress payment. McDonnell Douglas does cite to a Court of Claims case that considered a contested progress payment, 182 F.3d at 1326 (citing United States Fid. & Guar. Co. v. United States, 676 F.2d 622, 630 (Ct. Cl. 1982)), but McDonnell Douglas ignores the more recent Federal Circuit case of Balboa Insurance Co. v. United States, which formulated a more specific, eight-part test for abuse of discretion in the

[1] "JSF ___" refers to the joint stipulation of facts, filed by the parties on May 19, 2006.

issuance of a progress payment, 775 F.2d at 1164-65. We submit that the Balboa test, which is still good law, is the proper test in this case. As extensively demonstrated in our motion for summary judgment, the eight-part Balboa test clearly shows that the Coast Guard's July 2003 progress payment to Eagle was not an abuse of discretion. See Def.'s Mot. at 11-20.

Even if the Court decides to apply the Campbell Plastics / McDonnell Douglas test, the Coast Guard should be found to have acted within its discretion because the July 2003 progress payment, although erroneous, did not violate the principle of factor four. That factor is identical to factor seven of the Balboa test. Compare Balboa, 775 F.2d at 1165 with Campbell Plastics, 389 F.3d at 1250 and McDonnell Douglas, 182 F.3d at 1326. As argued in our motion for summary judgment, that factor is primarily an inquiry into the Government's own interests: if a payment violates one of its own statutes or regulations, the payment is more likely to be contrary to the Government's interests, and thus unreasonable. However, the fact that the contracting officer did not authorize the $25,303.50 progress payment does not automatically result in the payment being contrary to the Coast Guard's interests under the circumstances of this case. See Def.'s Mot. at 18. The Coast Guard, like the surety, had a strong interest in Eagle completing the project, and the July 2003 progress payment could have been used to do so.[2] The payment could have also been used to pay Eagle's subcontractors. These purposes provided the Coast Guard a reasonable basis for paying Eagle the July 2003 payment. Def.'s Mot. at 18-9. The Government

[2] This inference is particularly strong given that the payment was proportional to the amount of work the Government expected Eagle to complete. As stipulated in the Joint Stipulation of Facts, the amount of the payment was $25,303.50, JSF ¶ 31, and the eventual cost of repainting was $23,898.50, JSF ¶ 37.

therefore did not act contrary to its own interests and should be found to have acted within its discretion under the Campbell Plastics / McDonnell Douglas test.

Finally, even a violation of factor four, without more, does not automatically qualify a decision as an abuse of discretion. Keco Industries v. United States, 492 F.2d at 1204 ("[P]roven violation of pertinent statutes or regulations can, but need not necessarily, be a ground for recovery."); accord Burroughs Corp. v. United States, 617 F.2d 590, 597 (Ct. Cl. 1980); Aviation Enterprises, Inc. v. United States, 8 Cl. Ct. 1, 20 (1985); Kinetic Structures Corp. v. United States, 6 Cl. Ct. 387, 400 (1984). Nova fails to analyze the other three factors of the Campbell Plastics / McDonnell Douglas test for abuse of discretion. Taking each factor in turn, it is clear that each weighs heavily against finding that the Coast Guard abused its discretion. First, there is no evidence of subjective bad faith on behalf of the contracting officer, nor has any been alleged. The $25,303.50 payment was the result of an error by the Coast Guard Financial Center, not of the bad faith or malice of any Government employee. See JSF ¶¶ 30-31. Second, the contracting officer reasonably could have paid the $25,303.50 to finance the completion of Eagle's contract, as demonstrated in the Government's motion for summary judgment. See Def. Mot. at 15-17. Third, as noted in both this Court's earlier opinion in this case, Nova Casualty Co. v. United States, 69 Fed. Cl. 284, 298 (2006), and in the Government's cross-motion for summary judgment, Def.'s Mot. at 20, the withholding provisions of FAR § 25.232-5(e), 48 C.F.R. § 52.232-5(e) (May, 1997) are entirely discretionary, so the Government is afforded maximum discretionary scope in issuing progress payments. Considering all four factors together, the Campbell Plastics / McDonnell Douglas test supports finding that the Coast Guard did not abuse

its discretion in issuing the July 2003 progress payment, and the Government is entitled to judgment as a matter of law.

II. The Coast Guard's July 2003 Progress Payment Was Not Arbitrary And Capricious; The Authorities Relied Upon By Nova Do Not Provide An Adequate Basis Of Law To Hold The Coast Guard Liable

For its second argument, Nova relies upon the Restatement (Third), Suretyship and Guaranty, for the proposition that an obligee who "impair[s] the value of an interest in collateral securing the underlying obligation (§ 42)" is liable to a secondary obligor. Restatement (Third), Suretyship & Guar. § 37(3)(d) (1996) ("Restatement (Third)"). Based upon this principle, Nova argues that the July 2003 progress payment impaired the collateral securing Nova's underlying obligation, namely, the contract balance. Pl. Mot. at 10. Nova then cites to an illustration from the Restatement that it contends is "directly on point." Id. at 10-11 (citing Restatement (Third) § 42 cmt. d, illus. 3 (1996)).

In fact, Restatement § 37(3)(d) lacks support in the case law of either the Federal Circuit or the Court of Federal Claims. The reporter's note accompanying § 37 states that the section is merely a "catalogue, collecting rules" stated elsewhere in the Restatement; § 37(3)(d) restates the principle of § 42. Restatement (Third) § 37 reporter's note (1996). However, the reporter's note accompanying § 42 fails to cite to any case in support of the Restatement's claim that an obligee who impairs the value of collateral discharges the surety of its obligation, id. § 42 reporter's note,[3] and no published opinion in the Federal Circuit or the Court of Federal Claims has ever

[3] Rather than citing to case law, § 42 cites to U.C.C. § 3-605(e) (1995). The Uniform Commercial Code ("U.C.C.") is not binding with respect to Government contracts. Technical Assistance Int'l, Inc. v. United States, 150 F.3d 1369, 1372 (Fed. Cir. 1998) (citing GAF Corp. v. United States, 932 F.2d 947 (Fed. Cir. 1991), cert. denied 502 U.S. 1071 (1992)).

relied upon this proposition for a holding in a case where the payment was a progress payment, the contractor was not in default at the time of payment, there was no mandatory withholding provision in the contract, and the surety had not provided notice to the Government of a risk of contractor default. Cf. National Sur. Corp. v. United States, 118 F.3d 1542 (Fed. Cir. 1997) (mandatory withholding provision); Transamerica Premier Ins. Co. v. United States, 32 Fed. Cl. 308 (1994) (final payment). Nor has Nova cited any case in support of the Restatement standard. In the absence of any supporting case law addressing facts similar to the current matter before this Court, the Restatement provides only weak support for Nova's claim.

Even if the Restatement standard were deemed applicable, the July 2003 progress payment would not fit within the explicit purpose of the Restatement provisions governing impairment of collateral. Comment b to Restatement § 42 states, "In general, impairment of collateral includes any act or omission that lessens the secondary obligor's expected recovery from the collateral through subrogation." Restatement (Third) § 42, cmt. b (1996) (emphasis added). Nova could not reasonably have expected or relied upon recovery of the entire contract balance in July 2003. As demonstrated in our motion for summary judgment, the contract between the Coast Guard and Eagle contained no mandatory withholding provision. See Def. Mot. at 20. This Court confirmed as much in its earlier opinion in this matter when it found that "the Contracting Officer had discretion whether or not to make progress payments to Eagle as the prime contractor." Nova Cas., 69 Fed. Cl. at 298. Because Eagle was not in default in July 2003, because Nova had not provided notice to the Coast Guard of Eagle's risk of default, and because the $25,303.50 could have been used to finance the completion of the project, the contracting officer could reasonably have decided to make a progress payment of $25,303.50 to

Eagle and Nova would not have been able to recover the payment. Therefore, Nova could not reasonably have expected or relied upon recovery of the $25,303.50 as contemplated in Restatement § 42.

Finally, the illustration cited by Nova as "directly on point" is clearly distinguishable from this case. The illustration describes a prime contractor already in default and a surety that has taken over the project. Restatement (Third) § 42, cmt. d, illus. 3 (1996). These facts are central to the proper interpretation of the illustration. The contractor's default and the surety's takeover ensures that the Government has received notice sufficient to trigger its equitable duties to the surety in the administration of the contract balance. See, e.g., Fireman's Fund Insurance Co. v. United States, 909 F.2d 495, 498 (Fed. Cir. 1990) ("[T]he government as obligee owes no equitable duty to a surety. . . unless the surety notifies the government that the principal has defaulted under the bond."). The surety's takeover may even require direct payment from the Government to the surety. Neither of these facts apply in this case: Eagle was not in default in July 2003, and Nova did not take over the project. The illustration cited provides no support for Nova's argument.

## III. This Court's Earlier Decision Precludes Nova's Challenge To The Contracting Officer's Final Decisions Of February 17, 2004 and February 14, 2005; In The Alternative, Nova Cannot Raise A New Claim In Its Motion For Summary Judgment That Was Not Contained In Its Amended Complaint

Nova's third and final argument is that the contracting officer's determination that the paint blotches on the lighter tower were a result of Eagle's defective workmanship was an abuse of discretion. Pl. Mot. at 12-19. It is the Government's position that the contracting officer acted

reasonably and within his discretion in making this determination. However, the Government respectfully submits that the Court need not reach the merits of this argument, for two reasons.

First, Nova purports to challenge the contracting officer's second final decision dated February 14, 2005 ("second final decision"), Pl. Mot. at 12, in which the contracting officer determined that Eagle and/or Nova are responsible for the additional cost incurred in the completion of the project, JSF ¶ 43. Moreover, Nova's argument also appears to challenge the contracting officer's first final decision dated February 17, 2004 ("first final decision"), in which the contracting officer determined that Eagle had no intention of performing the work required to correct and finish the project, that the work would be performed by others and paid for out of the remaining contract funds, and that Eagle and/or Nova would be liable for any additional costs. See Pl. Resp. to Def. MTD Ex. C.[4] Neither challenge should stand.

This Court has already ruled that Nova lacked standing to challenge the contracting officer's second final decision, stating:

> [T]he plain language of the [Contracts Dispute Act] indicates that only Eagle, as the party to a Government contract (e.g., the Prime Contract) other than the Government would have standing to appeal the Final Decision of the Contracting Officer to this court, not Nova.

Nova Cas., 69 Fed. Cl. at 290 (citing 41 U.S.C. § 601(4)) . The Government respectfully submits that the Court's earlier ruling in this case is now the law of the case and precludes Nova's renewed challenge to the contracting officer's final decisions. The plain language of the Court's earlier ruling supports this conclusion with respect to any challenge of the second final decision,

---

[4] "Pl. Resp. to Def. MTD Ex. ___" refers to the exhibits attached to the plaintiff's opposition to the defendant's motion to dismiss, filed with the Court on April 8, 2005.

and the Court's earlier decision would apply with equal force to the contracting officer's first final decision as that decision was also addressed to Eagle and only copied to Nova. See Pl. Resp. to Def. MTD Ex. C; see also Nova Cas., 69 Fed. Cl. at 290 (noting that the terms "you" and "your firm" in the contracting officer's second final decision were directed only to Eagle, and stating, ". . . Nova is precluded from asserting any rights under the [Contracts Dispute Act] with respect to the Final Decision of February 14, 2005" (emphasis added)). Accordingly, this Court lacks jurisdiction to entertain either Nova's renewed challenge to the contracting officer's second final decision or Nova's belated attempt to challenge the contracting officer's first final decision.[5]

Second, Nova's further argument, that the Coast Guard modified the contract and imposed a "material increase in the scope of work," Pl. Mot. at 12, introduces a basis for liability that was not raised in the original complaint or the amended complaint; Nova cannot now raise this claim for the first time in its cross-motion for summary judgment. On-Line Technologies, Inc. v. Bodenseewerk Perkin-Elmer, 386 F.3d 1133, 1146 (Fed. Cir. 2004) (upholding the district court's refusal to allow a new claim for liability at the summary judgment stage, stating, "Because On-Line failed to raise that claim in a timely manner, it was not error for the district court to reject On-Line's effort to raise [it] as a basis for liability at the summary judgment stage"); accord Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) (quoting Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir.1990) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings."));

[5] Moreover, at this point in time, even Eagle lacks the ability to appeal the contracting officer's first and second final decisions to this Court or to the Board of Contract Appeals. See 41 U.S.C. § 606 (contracting officer's final decision must be appealed to agency's Board of Contract Appeals within ninety days) § 609(1), (3) (contracting officer's final decision must be appealed to the Court of Federal Claims within 12 months).

see also Conley v. Gibson, 355 U.S. 41, 47 (1957) (stating that the Federal Rules of Civil Procedure pleading standards require providing the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). Accordingly, Nova's attempt to raise a new claim in its motion for summary judgment is improper and contrary to court rules and practice.

CONCLUSION

For the reasons set forth above and the reasons contained in our motion for summary judgment, we respectfully request that the Court deny plaintiff's cross-motion for summary judgment and grant our motion for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 305-7562
Facsimile: (202) 305-7643

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
Washington, DC 20593-0001

July 28, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of JULY, 2006, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad