IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NOVA CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-1665C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON STIPULATED FACTS AND IN OPPOSITION TO THE DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON STIPULATED FACTS**

NEIL B. CONNELLY, ESQ.
Attorney for Plaintiff
99 Church Street
White Plains, NY 10601
(914) 328-4100

electronically filed
July 31, 2006

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES ………………………………………………. | ii |
| ARGUMENT ……………………………………………….………….... | 2 |
| CONCLUSION ……………………………………..………………..….. | 5 |

# TABLE OF AUTHORITIES

## CASES

Page

American Insurance Company v. United States 62 Fed.Cl. 151(2004) …………... 4

Balboa Insurance Co. v. United States, 775 F.2d 1158 (1985) ………………..….... 3

Fireman's Fund Ins. Co., v. United States, 909 F. 2d 495 (Fed.Cir. 1990) ……… 3

National Surety v. United States, 118 F.3d 1542 (1997) ………………………. 3, 4

Ohio Casualty Insurance Co. v. United States, Cl.Ct. 590(1987) …..……………. 3

United States Fidelity & Guaranty Co. v. United States,
201 Ct.Cl. 1, 475 F.2d 1377 (1973) ………………………………………. 3

## FEDERAL ACQUISITION REGULATIONS

48 C.F.R. §52.232-5 ………………………………………………………. 2, 3, 4

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOVA CASUALTY COMPANY,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-1665C
(Judge Lettow)

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON STIPULATED FACTS AND IN OPPOSITION TO THE DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON STIPULATED FACTS**

Plaintiff Nova Casualty Company ("Nova") hereby submits its reply in further support of its Cross-Motion for Judgment against the defendant The United States (the "government") upon Stipulated Facts. This reply is also submitted in opposition to the government's Cross-Motion for Judgment on Stipulated Facts. By agreement of the parties, and with the consent of the court, the parties' respective cross-motions were simultaneously filed with the court, and the reply papers are also being simultaneously filed. Since the papers are being submitted upon Stipulated Facts, a Statement of Facts will not be included herein.

**ARGUMENT**

Initially, it must be noted that the government's "Statement of the Issue" found at page 1 of its Motion for Summary Judgment (hereinafter "Def. Mot.") completely misses the issue to be decided by the court. The government states the issue as follows: "Whether the government is entitled to summary judgment upon a claim by a surety resulting from an erroneous payment to the prime contractor, where the surety has neither provided notice to the government of contractor default nor requested that the government withhold payments to the contractor, and where the prime contract contains no mandatory retainage provision."

The issues of law to be decided in this case do not involve the absence of notice by Nova to the government of default by the bond principal/contractor, Eagle Management Enterprises, Inc. ("Eagle"), nor do they involve a release of retainage. A surety is not required to notify the government that it must not make erroneous payments to the contractor. The government's lengthy, repetitious discussion on the absence of notice by Nova to the government has no bearing on the central issue of the government's responsibility for its admitted error.

The government's references to Federal Circuit decisions on release of retainage are similarly irrelevant. The erroneous payment is a "progress payment of $25,303.50" (Def. Mot. p.5). Such a payment requires the authorization of the contracting officer under FAR §52.232-5. That authorization was not given (Def. Mot. p.18). Where the government fails to adhere to the payment provisions of the contract, it is liable to a

surety that fulfills its bond obligations to the extent of the impairment of suretyship status occasioned by the government's contractual breach. Fireman's Fund Ins. Co., v. United States, 909 F. 2d 495 (Fed.Cir., 1990).

The government departed from the terms of the bonded contract by making an admittedly erroneous payment to Eagle in July 2003. Although the government admits in its motion papers (Def. Mot. p. 18) that, "The Coast Guard's July 2003 payment of $25,303.50 to Eagle was concededly erroneous as it was made without the authorization of the contracting officer as required under FAR §52.232-5", the government refuses to accept responsibility for its mistake. As a matter of law, the government is required to administer contracts in such a way that it does not materially increase the surety's risk of loss. National Surety Corp. v. United States, 118 F.3d 1542 (Fed. Cir., 1997); U.S. Fidelity & Guar. Co. v. United States, 201 Ct. Cl. 1, 475 F.2d 1377 (1973). In a strained attempt to circumvent that obligation, the government argues that the July 2003 erroneous payment to Eagle did not increase Nova's risk of loss. (Def. Mot. p. 22). That proposition is based on the argument that "the Coast Guard could at any time pay out the entire contract balance to Eagle at its discretion". Nova disagrees.

In Ohio Casualty Insurance Co. v. United States, Cl.Ct. 590(1987), Chief Judge Smith stated the following:

> The Court of Appeals for the Federal Circuit held in Balboa Insurance Co. v. United States, 775 F2d1158 (Fed. Cir. 1985), that an equitable obligation was owed to the surety by the government. A surety contracts to and is paid for protecting against the risks of contractor nonperformance. The Miller Act has determined this is an important public function. The surety does not, however, contract to assume the risks of unreasonable conduct by a contracting officer which results in a loss to the government. To interpret the surety relationship otherwise would be to significantly raise insurance costs to the government in the

long term, to encourage sloppy government procedures, and to ultimately undercut the rationale for the Miller Act." Id, at 591.

In a recent decision involving many of the same principals of law, Judge Allegra of this court considered the duties and responsibilities of the contracting officer in the exercise of his discretion under FAR §52.232. The case was American Insurance Company v. United States 62 Fed.Cl. 151(2004), and there the surety argued that progress payments made by the government to the contractor constituted overpayment, i.e., payment for work that had not been performed. It was held, however, that the contracting officer had the discretion to make payments to the contractor even where the contractor had not made progress on the underlying Project. The court found, upon what it called a "sketchy" record, that the contracting officer made payments to the contractor for work that had not been performed because the contractor was experiencing cash flow problems. Under those circumstances, the court ruled that the contracting officer had not abused his discretion in making such progress payments.

In contrast to the facts in American Insurance, the contracting officer in the present case did not make a conscious decision to issue the progress payment in question to Eagle. In fact, he consciously and specifically instructed the Disbursements Division of the Coast Guard not to make the progress payment to Eagle. The fact that the payment was made in error takes this case out of the realm of an abuse of discretion, and places it squarely in that category of cases where the government has departed from the terms of the bonded contract. National Surety Corp. v. United States 118 F.3d 1542 (Fed.Cir.

1997). The government has admitted its mistake in making the $25,303.50 payment to Eagle. It must now accept the responsibility for that mistake and credit that payment to Nova as the surety that fulfilled its payment bond obligations.

It bears repeating that the contracting officer's discretion is not unlimited. He can not demand the performance of additional work without increasing the contract price to pay for that work. The two extra coats of paint applied by Verrazano Contracting to the Coney Island Light Tower were not within the scope of Eagle's contract. Therefore, the cost for that extra work can not be deducted from the balance in Eagle's contract. Such an arbitrary and capricious act by the contracting officer is certainly not within the scope of Nova's performance bond.

## CONCLUSION

The government made an erroneous payment to Eagle in July 2003. That mistake reduced the contract balance by $25,303.50. The government is liable to Nova in that amount, plus the additional contract balance that existed in June 2003.

Respectfully submitted,

_s/______________________________

Neil B. Connelly, Esq.
Attorney for Plaintiff Nova Casualty
99 Church Street, 4th Floor
White Plains, NY 10601
(914) 328-4100

electronically filed: July 31, 2006