IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NOVA CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1665C<br>(Judge Lettow) |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS**

Pursuant to Rule 54(d)(1)(B) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits its objection to the Bill of Costs submitted by plaintiff, Nova Casualty Company ("Nova"). For the reasons set forth below, we respectfully request that the Court decline to award Nova one of the costs it claims in this action.

Nova filed its bill of costs with this Court on November 7, 2006, after the Court awarded Nova its costs in a judgment issued on October 5, 2006. Nova seeks to tax three items as costs against the Government: (1) fees of the clerk; (2) fees of the reporter for all or any part of the trial or hearing transcript necessarily obtained for use in the case; and (3) other costs, described as travel to Court in Washington, D.C. We do not object to the first two items, but do object to the third item because it is not an allowable costs pursuant to 28 U.S.C. § 1920.

RCFC 54(d) permits the Court to assess costs against the United States only "to the extent permitted by law." The United States has waived its sovereign immunity only as to the six enumerated cost items set forth in 28 U.S.C. § 1920. See also 28 U.S.C. § 2412(a). As such, the Court lacks authority to award costs other than those specifically identified in section 1920. See Servidone Constr. Corp. v. United States, 20 Cl. Ct. 725, 732-33 (1990); see also Crawford

Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444 (1987).[1]

A prevailing party may tax the Government for only six enumerated costs pursuant to section 1920:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under section 1923 of this title;
6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Travel expenses of attorneys may be included in an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), but are not allowable in a bill of costs. Section 2412(a)(1) provides that costs enumerated in section 1920 may be awarded to a prevailing party in litigation against the United States; however, it expressly excludes attorney fees and expenses, which are separately addressed in section 2412(d)(1)(A). R. C. Constr. Co. v. United States, 42 Fed. Cl. 57, 63 (1998). This Court has held that EAJA, 28 U.S.C. § 2412(d)(1)(A), permits recovery of travel expenses routinely incurred by attorneys, assuming they are documented and reasonably necessary to the prosecution of the claim. See R.C. Constr., 42 Fed. Cl. at 63-64 (citing KMS Fusion, Inc. v. United States, 39 Fed. Cl. 593, 605-06 (1997);

---

[1] The waiver of sovereign immunity set forth in 28 U.S.C. § 2412(a) must be narrowly construed. See Ardestani v. INS, 502 U.S. 129, 137 (1991); In re Perry, 882 F.2d 534, 538 (1st Cir. 1989); Owens v. Brock, 860 F.2d 1363, 1366 (6th Cir. 1988); St. Louis Fuel & Supply Co. v. FERC, 890 F.2d 446, 451 (D.C. Cir. 1989).

PCI/RCI v. United States, 37 Fed. Cl. 785, 791 (1997)) (additional citations omitted). However, EAJA does not treat attorney fees and other expenses as part of taxable costs. Alcan Elec. & Eng'g Co. v. United States, 27 Fed. Cl. 327, 331 (Fed. Cl. 1992).

Accordingly, Nova's request for the expenses of traveling to Court in Washington, D.C., is not a taxable cost, pursuant to 28 U.S.C. § 1920. Therefore, we respectfully request that the Court deny this item on Nova's bill of costs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, DC 20530
Telephone: (202) 616-2279
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:

ISAAC JOHNSON, JR.
Attorney
Office of Procurement Law
United States Coast Guard
Washington, DC 20593-0001

December 8, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this _8th_ day of December, 2006, a copy of the foregoing "DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad