ORIGINAL

# In the United States Court of Federal Claims

## TAXATION OF COSTS
(Rule 54(d))

FILED

DEC 2 6 2006

U.S. COURT OF FEDERAL CLAIMS

NOVA CASUALTY COMPANY
Plaintiff,

v.

UNITED STATES of AMERICA,

Defendant.

No. 04-1665-CFL

(Judge Charles F. Lettow)

On October 5, 2006, judgment was entered with costs in favor of Plaintiff Nova Casualty Company pursuant to the decision of Judge Lettow. Plaintiff submitted a Bill of Costs (BOC) on November 7, 2006. Defendant filed its Objections to the Bill of Costs on December 8, 2006.

Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) provides that the court may tax costs in favor of the prevailing party to the extent that such costs are permitted under 28 U.S.C. §§ 1821 and 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden to establish to the court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kan. Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the judge, or the clerk as the court's designee, must find that it is a necessary litigation expense and that the amount to be taxed is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993).

Defendant does not object to the request for fees for the clerk nor fees for the court reporter. It does object to the "other costs" for travel expenses for attorneys.

***Fees of the Clerk***

Plaintiff requests costs in the amount of $150 for filing fees paid to the Clerk. This cost is expressly authorized by 28 U.S.C. § 1920(1)(2000). Costs in the amount of $150 will be taxed in favor of the plaintiff for fees of the clerk.

***Fees for the Reporter for Transcripts of Court Proceedings***

The court may tax the cost of transcripts of court proceedings where: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable. 28 U.S.C. § 1920(2); U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1245 (10th Cir. 1988), overruled on

other grounds, Amixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1231 (10th Cir. 1996); Chore-Time Equip. Inc. v. Cumberland Corp., 713 F.2d 774, 781 (Fed. Cir. 1983). Premium delivery charges of transcripts are incurred for the convenience of counsel and are not taxable. Paul N. Howard, Co. v. P.R. Aqueduct and Sewer Auth., 110 F.R.D. 78, 83 (D.P.R. 1986). Likewise, the cost of additional copies of transcripts on computer diskette or in condensed format is incurred for the convenience of counsel and not taxable. Fields v. Gen. Motors., 171 F.R.D. 234, 236 (N.D. Ill. 1997); Nugget Distrib. Coop. of Amer. v. Mr. Nugget, 145 F.R.D. 54, 58 (E.D. Pa. 1992); Amer. Sports Kids Assoc. v. United States, Case No 93-674, Taxation of Costs (Fed. Cl. Filed February 11, 1998).

Plaintiff requests $183.90 for costs of the reporter. Plaintiff's documentation consists of a transcript invoice from Heritage Reporting in the amount of $195 for the hearing held on March 3, 2006 and a copy of an American Express payment to Heritage for $110. The court has no way of reconciling the three different figures. However, since Defendant has no objection to the payment of the requested $183.90 and the court finds the amount reasonable, the court will tax $183.90 for fees of the reporter.

***Other Costs***

Plaintiff requests $675 in Other Costs. The only explanation for this request is a parenthetical statement on the BOC form stating "Travel to Court in Washington, D.C." The court agrees with Defendant that travel expenses for attorneys are not permitted under 28 U.S.C. §§ 1821 and 1920 and, therefore, are not taxable in a Bill of Costs. The amount of $657 for Other Costs is denied.

***Conclusion***

The court taxes costs in favor of Plaintiff Nova Casualty Company and against Defendant United States as follows:

| | |
|---|---|
| Fees of the Clerk: | $ 150.00 |
| Fees for the Reporter for Transcripts of Court Proceedings: | 183.90 |
| Total Costs Taxed: | $ 333.90 |

*Date:* 12-26-06

Brian Bishop
Brian Bishop
Clerk, U.S. Court of Federal Claims

**NOTE: If taxed in favor of defendant, payment thereof should be by check payable to "U.S. Treasury" and forwarded to defendant's attorney of record with notice thereof to the Clerk. If in favor of plaintiff, then payment will be via Title 28 U.S.C. § 2517 certification as provided for in Title 28 U.S.C. § 2412(c)(1) and forwarded to plaintiffs' attorney of record.**